HENRY CRIBBEN *et al.*

*v.*

FRANK CALLAGHAN.

*Filed at Ottawa June 15, 1895.*

1. PLEADING—*sufficiency of declaration after verdict.* A declaration, in an action against an employer, that it was his duty to keep the roof of an oven in "a safe condition so as not to be dangerous to servants," is not insufficient, at least after verdict, on the ground that it charges him with liability as an insurer, instead of with the duty to furnish reasonably safe premises.

2. SAME—*how far defective declaration is presumed cured by verdict.* The presumption, after verdict, that a defective statement of a cause of action has been cured, will be indulged, especially where the instructions do not exclude, but favor, the presumption.

3. SAME—*duty of master to furnish servant safe place to work need not be averred.* An allegation of the duty of a master to furnish a safe place for employees to work in is not material, because it is a conclusion of law which arises on a statement of the necessary facts.

4. SAME—*master and servant—allegation as to fellow-servants.* A declaration for injury to a servant need not affirmatively allege that it was not caused by fellow-servants.

5. TRIAL—*one good count sustains a general verdict.* A general verdict given on several counts will not be set aside or reversed if any one or more of such counts is good.

*Cribben* v. *Callaghan*, 57 Ill. App. 544, affirmed.

APPEAL from the Appellate Court for the First District;—heard 'in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is an action on the case, brought by Frank Callaghan, against Cribben, Sexton & Co., stove manufacturers, to recover damages resulting from an injury caused by the falling of the roof of a ladle oven attached to and forming a part of the factory of appellants. On the 22d day of July, 1891, appellee entered the ladle oven, and while therein the roof of the oven fell in, partially, and a quantity of heated sand which was on the roof was

thrown upon appellee, burning him about the head and face, on the arm and ankle. The declaration is in two counts, and there was a plea of not guilty to both counts.

Among the instructions given for the defendants was the following :

"The jury are instructed, as a matter of law, that an employer is in no sense an insurer of the safety of his employees, but that the employer has, in this class of cases, fulfilled his duty to his employee when he has furnished for the use of such employee reasonably safe machinery and appliances for his use while in the line of his duty; and unless you find, from the evidence, that the defendants have failed in this respect to perform their duty toward the plaintiff, the plaintiff cannot recover."

Judgment was rendered upon the verdict, and appeal taken to the Appellate Court, where the judgment has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

CUTTING, CASTLE & WILLIAMS, for appellants :

It is elementary that in actions of this kind "the burden is upon the plaintiff to allege and prove such negligent acts of the defendant as will entitle the plaintiff to recover." *Steel Co.* v. *Shields,* 134 Ill. 209; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417 ; *Blanchard* v. *Railway Co.* 126 id. 416 ; *Railroad Co.* v. *Harwood,* 90 id. 425.

Nothing will be presumed, after verdict, but what must have been necessarily proved under the averments of the declaration. The court erred in overruling the motion in arrest. *Steel Co.* v. *Shields,* 134 Ill. 209; *Bartlett* v. *Crozier,* 17 Johns. 457; *Chichester* v. *Vass,* 1 Call, 83.

If anything essential to the plaintiff's action be not set forth, though the verdict be found for him, he cannot have judgment. *Bartlett* v. *Crozier,* 17 Johns. 440 ; *Wright* v. *Bennett,* 3 Scam. 258; *Rushton* v. *Aspinal,* Doug. 679 ; *Buxendin* v. *Sharp,* 2 Salk. 662; *Spiers* v. *Parker,* 1 Term

Rep. 141; *Bishop* v. *Hayward,* 4 id. 470; *Winston* v. *Francisco,* 2 Wash. 187; *Coal Co.* v. *Young,* 24 Ill. App. 255.

A verdict will cure ambiguities, but it will not cure a declaration where the gist of the action is omitted.   *Chichester* v. *Vass,* 1 Call, 83.

ARND, EVANS & ARND, for appellee :

The motion in arrest was properly overruled.   Tidd's Practice, 919, and notes ; *Libby* v. *Scherman,* 50 Ill. App. 123, and 146 Ill. 540 ; *Burnap* v. *Wight,* 14 id. 302 ; *Steel* v. *W. I. N. Co.* 2 Johns. 283 ; *Richards* v. *Farnham,* 13 Pick. 451 ; *Railway Co.* v. *Coit,* 50 Ill. App. 640; *Vaughan* v. *Dinkens,* Harper, 26.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

*First*—It is contended by appellants, that they were guilty of no negligence.   This is a question of fact, which is settled by the judgment of the Appellate Court, and we are precluded from any consideration of it.   By no motion made, or instruction asked, by the defendant below is the point raised, that the evidence does not tend to show a cause of action.

*Second*—It is claimed, that the trial court erred in refusing to sustain the motion in arrest of the judgment. The first ground, upon which it is claimed that the motion in arrest should have been sustained, is that the declaration avers it to have been the duty of the defendants to keep the roof or cover of the ladle oven "in a safe condition, so as not to be dangerous to the servants of said defendants, whose duty it was to enter said room."   It is said that the declaration, in saying that it was the duty of the employer to keep the ladle oven in a safe condition, makes the employer an insurer of the safety of his employee, whereas the employer's duty, under the law, is alleged to be merely the duty of furnishing, for the use of

his employees, reasonably safe machinery and appliances, or a reasonably safe place to work in.

It is a general rule that, where a declaration does not state a complete cause of action, the defect may be taken advantage of after verdict by motion in arrest of judgment. (*Wright* v. *Bennett,* 3 Scam. 258). But while it is true, that a verdict does not cure a statement in the declaration of a defective cause of action, yet it is true that a verdict will aid a defective statement of a cause of action. (*Barnes* v. *Brookman,* 107 Ill. 317). The averment in the declaration is not, that it was the duty of the defendants to keep the roof of the oven in an absolutely safe condition, but in "a safe condition, so as not to be dangerous to the servants of said defendants whose duty it was to enter said room," or oven. The qualifying clause explains the meaning of the words, "in a safe condition," that is to say, such a condition as that those, whose duty it is to enter the oven, will not be at the same time running into danger, or incurring danger to themselves. A room is reasonably safe when it is not fraught with danger to those who are obliged to enter it.

In *Smith* v. *Peninsular Car Works,* 60 Mich. 501, it is said that, in large manufacturing establishments, "the proprietors or masters are bound to furnish a suitable place in which work may be performed with a reasonable degree of safety to the persons employed, and without exposure to dangers that do not come within the obvious scope of the employment in the business as actually carried on." (See, also, *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614). Substantially, the same language is used in 14 Am. & Eng. Enc. of Law, page 902. So, in *Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540, the allegation in the declaration, that it was the defendant's duty to keep a row of barrels in such condition that they would not fall upon the plaintiff, was held to be an allegation of the duty, on the part of the employer, to furnish his employee a reasonably safe place to work in. The duty of the

employer is to furnish a suitable place, where the employee may perform his work without exposure to dangers that do not come within the obvious scope of the employment in the business as actually carried on. In the case at bar, the declaration, in averring that it was the duty of the defendants to furnish the plaintiff with such a room as would not be dangerous to him when entering it for the purpose of performing his duty, may have defectively stated the cause of action, but it did not state a defective cause of action.

After verdict, on a motion in arrest of judgment, the court will intend that every material fact alleged in the declaration, or fairly inferable from what is alleged, was proved on the trial. (*Addington* v. *Allen*, 11 Wend. 375). After verdict, judgment will not be arrested for any defect in the declaration, which, by reasonable intendment, must be considered to have been proved, or where the requisite allegation may be considered as part of what is already alleged in the declaration. (*Morey* v. *Homan*, 10 Vt. 565, and other cases in note *a* to 2 Tidd's Prac. page 919). Where the plaintiff states his cause of action defectively, it will be presumed after verdict, that all circumstances necessary, in form or substance, to complete the title so defectively stated, were proved at the trial, as they must have been proved in order to entitle the plaintiff to recover. (2 Tidd's Prac. page 919). The ordinary presumptions, which obtain after verdict, and by operation of which a defective statement of a good cause of action, is said to be cured, may sometimes be excluded by the character of the instructions given. (*Joliet Steel Co.* v. *Shields*, 134 Ill. 209; *Libby, McNeill & Libby* v. *Scherman, supra*). The converse of this must also be true, namely, that such presumptions will be indulged in where the instructions favor them; and do not exclude them. Here, the jury were instructed on behalf of the defendant, that an employer is not an insurer of the safety of his employees, and that he fulfills his duty when

he has furnished for their use reasonably safe machinery and appliances.

But, while we have discussed the case, as though the allegation of duty was a material one, it is to be remembered that, really, it is unnecessary to allege, that a certain act or line of conduct is a duty; because the law implies the duty from the facts stated. A conclusion of law need not be pleaded. (*West Chicago Street Railway Co.* v. *Coit,* 50 Ill. App. 640).

The second count of the declaration is objected to upon the alleged ground, that it does not show that the foreman of the defendants, who is mentioned in that count, was not a fellow-servant of the plaintiff. It is not necessary to discuss the objection thus made to the second count, because no such objection lies to the first count which makes no reference to the foreman.

The declaration need not show affirmatively, by express averments, that the injury complained of was caused by the negligent acts of agents or servants of the defendants who were not fellow-servants of the plaintiff. (*Libby, McNeill & Libby* v. *Scherman, supra*). Hence, the first count is not defective although it fails to contain such an averment, even if it should be held that the second count is bad in this respect. The first count, after verdict, is sufficient to sustain the judgment. The verdict here is a general verdict on both counts. Where a general verdict is given on several counts, the same shall not be set aside or reversed, if any one or more of the counts be good. (Rev. Stat. chap. 110, as to Practice, sec. 57; 2 Starr & Cur. Stat. page 1822; *Snyder* v. *Gaither,* 3 Scam. 91; *Gebbie* v. *Mooney,* 121 Ill. 255.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*