Filed March 12, 1896.

No. 1,840.

THE DIAMOND BLOCK COAL COMPANY v. EDMONSON.

TRIAL.—*Nonsuit.*—*Trial by Jury.*—The defendant cannot require the withdrawal of a case from the jury by a motion for a nonsuit.

APPELLATE PROCEDURE.—*Scope of Consideration.*—Parties will, in the Appellate Court, be confined to the grounds of objection stated to the trial court.

EVIDENCE.—*Master and Servant.*—*Mining.*—*Fall of Cage.*—*Safety Catches.*—Evidence as to the distance a cage used in a mine would drop when detached from the hoisting rope, before its descent ought to be checked and stopped by approved safety catches, is admissible to prove that such catches were not in good order at the time of the breaking of the hoisting rope and the fall of the cage.

SAME.—*Expert.*—*Mining.*—*Fall of Cage.*—*Safety Catches.*—The distance which a cage used in a mine will drop when detached from the hoisting rope, before its descent ought to be checked and stopped by approved safety catches, is a proper subject of expert testimony.

SAME.—*Mining.*—*Negligence.*—*Hoisting Rope.*—*Cage.*—*Safety Catches.*—Proof of negligence of a master with reference either to the hoisting rope or the safety catches used in connection with a cage operated in a mine is sufficient to charge him with responsibility

for the fall of the cage, although negligence in both respects was alleged, and the accident could not have occurred without the existence of defects in both appliances.

SAME.—*Negligence.*—*Independent Act.*—*Mine Inspector.*—*Cage.*— *Safety Catches.* — Evidence that the State mining inspector on an occasion prior to the accident in question found the safety catches removed from the cages used in the mine, is inadmissible upon a question as to whether the safety catches were in a defective condition at the time of the fall of the cage.

From the Clay Circuit Court.

*G. A. Knight* and *A. W. Knight*, for appellant.

*J. A. McNutt, A. Payne* and *G. S. Payne*, for appellee.

GAVIN, C. J.—Appellee sued appellant to recover damages for injuries received while working for it. Upon the trial a general verdict was returned for appellee.

The overruling of the motion for new trial is the error here assigned.

Appellee was injured while descending into appellant's coal mine by reason of the breaking of the hoisting cable and the consequent fall of the cage in which he was riding. Defects in, and unfitness of, both the rope and the safety catches are charged as the grounds of recovery, knowledge of and negligence with reference to both being alleged against appellant.

The correlative duties of the master and the servant have been recently considered and authorities cited in *Louisville, etc., R. W. Co.* v. *Quinn*, 14 Ind. App. 554.

Our procedure and practice do not recognize the right of a defendant to require the withdrawal of a case from the jury by a motion for a nonsuit. *Williams* v. *Port*, 9 Ind. 551; *Engrer* v. *Ohio, etc., R. W. Co.*, 142

Ind. 618; *Stults, Admr.*, v. *Forst*, 135 Ind. 297; 2 . Elliott Gen. Prac., section 876.

Appellee was entitled to prove by experts how far a cage would drop when detached from the hoisting rope before its descent ought to be checked and stopped by approved safety catches. If, with the catches in proper working order, the fall of the cage would be prevented, and if, in fact, the fall of the cage was not prevented by the catches in use, this was certainly some evidence that they were not in good order.

The usual effect of such catches was properly provable by those who, from a knowledge of their construction, the principles upon which they worked and actual observation, were able to possess and give an intelligent opinion upon the subject. These things come strictly within the proper domain of expert evidence, as defined in *Indiana, etc., R. W. Co.* v. *Hale*, 93 Ind. 79. "The opinion of an expert in any art, science, trade, profession or mystery may be given, where it is proper for the decision of a question relating to the issues in a case." *Vide* also Rogers on Ex. Ev., section 104, for cases analogous to this.

According to the statement of objections made by counsel in his brief, no objection was made to the competency of the witnesses as experts, nor was it stated as a cause for objection that the basis of facts was not sufficiently broad and comprehensive.

Parties will in this court be confined to the grounds of objection stated to the trial court. *Indiana, etc., Co.* v. *Wagner*, 138 Ind. 658; *Doan, Exr.*, v. *Dow*, 8 Ind. App. 324.

It is further urged that since appellee alleged negligence with respect to defects in the rope and also in the safety catches, and since both the breaking of the rope and the insufficiency of the catches were requisite to the

causing of the accident, appellee was required to prove negligence as to both, under the case of *Terre Haute, etc., R. R. Co.* v. *McCorkle,* 140 Ind. 613.

That case depends upon the peculiarity of the particular facts therein involved, and is not applicable here, where, although the accident could not occur without the co-operation of broken rope and non-operating safety catches, negligence of appellant with reference to either would be sufficient, other necessary elements being present, to charge it with responsibility. *Standard Oil Co.* v. *Bowker,* 141 Ind. 12; *Long* v. *Doxey,* 50 Ind. 385.

"It is only necessary for a plaintiff to prove as many of the facts alleged by him as amount to, or constitute, a cause of action." *St. Louis, etc., R. W. Co.* v. *Valirius,* 56 Ind. 511; *Owen* v. *Phillips,* 73 Ind. 284, on p. 293 ; *Phoenix, etc., Ins. Co.* v. *Hinesley,* 75 Ind. 1.

In the latter case Judge Elliott is quoted with approval: "The appellants were not bound to prove every allegation of their complaint—it was sufficient if they established the substance of the issue."

Over appellant's objection, appellee was permitted to prove by one McQuade, the State mining inspector, "that on one occasion he was at defendant's mine and found the safety catches removed from the cages, and that he notified Mr. Andrews, the defendant's superintendent, to put them on again."

In thus allowing proof of an independent and dissimilar act of apparent negligence, and the notification by the State officer to remedy it, we are of opinion that there was error.

The evidence must be such as is pertinent to, and will throw light upon, the issues involved in the case or it should be rejected.     1 Greenl. Ev., section 51; 1 Whar.

Ev., section 40.    *Cleveland, etc., R. W. Co.* v. *Wynant,* 114 Ind. 525 ; Bailey on Masters' Liability, 514.

The negligence charged with reference to safety catches is that "said cage was provided with safety catches, but the same were not approved catches, were out of order," etc.    We cannot discern how the fact that the catches were sometimes left off entirely, could throw any light upon the question whether those on the cage were proper, in good order, etc.

This proposition differs widely from the holdings that evidence of previously existing defects is admissible to prove knowledge or want of inspection.

Appellee's counsel have not, in their brief, attempted to justify or lessen the force of the ruling, nor have they enlightened us as to the theory on which the evidence was admitted by the learned trial judge.

Judgment reversed, with instructions to grant a new trial.

Filed March 12, 1896.