THE ILLINOIS STEEL COMPANY

*v.*

GEORGE STONEVICK.

*Opinion filed October 25, 1902.*

1. PLEADING—*on appeal, declaration is sufficient if it will support the judgment.* A declaration not demurred to below will be held good on appeal unless it is so insufficient that it will not support the judgment.

2. APPEALS AND ERRORS—*when refusal to instruct for defendant is not error.* Refusal to give a peremptory instruction for the defendant in an action for personal injuries is not error if there is evidence tending to prove the negligence of the defendant as charged and that the plaintiff was not guilty of contributory negligence.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This is an appeal from the Appellate Court for the First District to reverse a judgment in that court affirming a judgment rendered in the superior court of Cook county in favor of George Stonevick, against the Illinois Steel Company, in an action for a personal injury.

The declaration consisted of four counts, each alleging that the defendant was operating a plant at South Chicago and that the plaintiff was in its employ as an ordinary laborer. In the first count it is averred it was

defendant's duty to furnish plaintiff with a reasonably safe place in which to work, but it neglected that duty, and left a large box filled, or partially filled, with hot material, without covering, guard or protection, and while plaintiff was exercising reasonable care and endeavoring to perform the duties required of him by appellant, he, without any notice or warning, was precipitated into said box and injured. The second count charges a neglect of duty in failing to provide a reasonably good and sufficient light, it being in the night time and dark. In the third count it is alleged that the defendant failed to keep around the box reasonably good and sufficient guards or a covering. In the fourth count the negligence alleged is, that defendant negligently, etc., ordered the plaintiff to perform certain duties about a cinder box and failed to warn him of the danger, etc. To the declaration, as filed, appellant pleaded the general issue, and upon that plea a trial was had, resulting in a verdict of $5000 for plaintiff.

Appellee was employed as a common laborer, with a gang of workmen, around the furnaces in appellant's plant. The space at the base of these furnaces for a distance of about twenty feet east is elevated about nine feet. The elevation is held in place by a wall extending from the ground to the level of the elevation. About fourteen feet east from this wall was a large box, five feet high and fifteen feet long, placed there to receive the molten slag and cinders which came from one of the furnaces. On the south side of the box, and level with the top of it, was a platform some three feet wide. The top of the box was several feet lower than the wall. Extending from the wall to the box was a spout or trough about eighteen or twenty inches wide, through which the molton slag was run from the furnace to the box. As the molten slag came out of the spout into the box it came in contact with a stream of cold water, which broke it up into cinders and which generated a large amount

of steam. The spout struck the top of the box about its center, and south of this spout was a two-inch plank twelve inches wide, extending from the wall to the box. This plank had been there several days, and was used as a passageway in getting from the elevation around the furnaces to the cinder box. As the box would fill with cinders it was taken away in a car. About 1:15 o'clock on the morning of September 7, 1898, the foreman ordered appellee and others to shovel cinders out of the box into a car. When the orders were received by the workmen they were some distance away from the furnaces, and their route to the cinder box was by the base of one of the furnaces, upon the elevation above described. It appears that appellee had never worked at this box before and had no knowledge of its condition or surroundings. The foreman, after giving the order, proceeded toward the box, the workmen following some twenty steps behind. It was very dark, there being no moonlight, and the evidence tends to show the electric light at that particular place was not then burning. Appellee fell behind the others as they proceeded toward the box, to respond to a call of nature. Upon resuming his journey toward the box the other men had disappeared in the darkness but he could hear their voices. He went to the edge of the wall, where the spout and plank extended to the box, and finding the plank and hearing the voices of the men who had preceded him, at the other end of the plank, he walked along the plank, feeling his way as he went. The water had not yet been drained off the box, and it contained hot water and hot cinders, from which arose a large volume of steam. There was no guard, signal or protection of any kind along this plank or at the box to prevent or warn employees using the plank from falling off into the box, and appellee, on reaching the end of the plank, fell into it and was badly scalded and burned by the hot water and cinders. He was taken to a hospital, where he remained a great

length of time, and was not at the time of the trial, which was over two years afterwards, able to perform manual labor, and his injuries appear to be of a permanent nature.

KEMPER K. KNAPP, for appellant.

FRANCIS T. MURPHY, and THADDEUS S. ALLEE, (EDWARD C. HIGGINS, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Upon this further appeal counsel for appellant contends, first, that each count in the declaration failed to state a cause of action. No demurrer was filed to the declaration, attempting to point out any defect therein. After verdict, the only contention which could be made by appellant's counsel in that regard is that the declaration was so defective that it could not sustain the action. But in this case such a contention cannot be made. To say the least, the declaration is not so insufficient that it will not support the judgment. *Cribben v. Callaghan,* 156 Ill. 549, and cases cited.

At the close of plaintiff's evidence, and at the close of all the evidence, the court was asked to instruct the jury to find for the defendant. It is now insisted that the refusal of this instruction was error, because the evidence fails to show any negligence on the part of the defendant. One of the charges in the declaration is that the defendant failed to warn plaintiff of the danger; another that it failed to put a guard or railing around the box; another that it failed to maintain a sufficient light, etc. The question we are called upon to decide is one of law, namely, whether or not there is any evidence tending to support the allegations of the declaration, and from an examination of the record that question must be answered in the affirmative. There is evidence in the record fairly tending to prove the negligence of the defendant as charged, and that the plaintiff was not guilty of contributory negligence.

We find no error in the giving or refusing of instructions nor in the admission or exclusion of evidence. No good purpose would be served in discussing in this opinion the several points raised in that respect. We are satisfied the trial court gave the appellant a fair hearing, both as to the evidence submitted to the jury and the giving and refusing of instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*