| 164 | 143 |
| 164 | 664 |
| 164 | 143 |
| 165 | 297 |
| 165 | 299 |
| 165 | 540 |
| e165 | 541 |
| 164 | 143 |
| 166 | 206 |
| f168 | 227 |
| 168 | 460 |
| 164 | 143 |
| f169 | 23 |
| f169 | 287 |
| 170 | 547 |
| 164 | 143 |
| 171 | 403 |

CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. BARNES, ADMINISTRATRIX.

[No. 20,018.   Filed January 25, 1905.]

1. PLEADING.—*Complaint.*—*Employers' Liability Act.*—*Sufficiency.*— A complaint alleging that defendant maintained a switch yard, with several parallel tracks, and leaving but three feet in the clear, which space was not sufficient in which brakemen could work in safety; that decedent, a brakeman, undertook to cut his train to open a highway crossing; that the night was dark and there were no lights; that the steam of the engine of his train, as well as of others, was escaping, and he could not hear; that defendant backed another freight-train on the next track, without light, lookout or signal, which train contained one very wide box-car; that decedent was struck by such car and killed; and that by reason of all such acts of negligence decedent was killed, is insufficient as an action under the employers' liability act.   p. 147.

2. SAME.—*Complaint.*—*Several Acts of Negligence Alleged.*—*Recovery.* —Where several acts of negligence are alleged in the complaint, a recovery may be had on proof of one of such acts.   p. 149.

3. MASTER AND SERVANT.—*"Safe Place."*—*Delegation of Duty.*—The master can not delegate his duty to provide his servant with a safe place in which to work.   p. 149.

4. PLEADING.—*Duty.*—*Facts.*—*Implication.*—It is sufficient to plead the facts from which the legal duty arises, and when this is done there is no necessity to allege that defendant owed the decedent a duty. p. 149.

5. SAME.—*Negligence.*—*How Pleaded.*—Where a legal duty and a violation thereof are shown, the general averment of the negligence complained of is sufficient.   p. 150.

6. SAME.—*Assumption of Risk.*—*Knowledge.*—Where the complaint alleges facts showing defendant's negligence in failing to provide a safe place, but fails to show that the decedent was ignorant of such facts, such complaint is insufficient, since it must be inferred that such decedent assumed the risk.   p. 151.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Lucinda Barnes as administratrix of the estate of George E. Coombs, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals.   Transferred from

Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*E. C. Field, W. S. Kinnan* and *Thomas & Foley,* for appellant.

*W. T. Whittinglon* and *W. A. Whittington,* for appellee.

PER CURIAM.—Action by appellee against appellant for the negligent killing of her decedent. The complaint contains two paragraphs. Trial by jury, and a general verdict awarding damages for the sum of $2,500, together with answers to numerous interrogatories, returned. Over motions by appellant for judgment on the answers to the interrogatories and for a new trial, judgment was rendered on the general verdict. The errors assigned relate to the overruling of the demurrer to each paragraph of the complaint, and to the overruling of each of the above-mentioned motions.

The first paragraph of the complaint may be said to disclose substantially the following facts: Appellee is the administratrix of George E. Coombs, deceased, and appellant is a railroad corporation duly organized, and operating and controlling a railroad running through the State of Indiana, which, among others, runs through the counties of Montgomery and Monroe. On and prior to the 2d day of December, 1899, Coombs, the decedent, was in the employ of appellant as a brakeman, serving as such on one of its freight-trains which ran over its said railway. Immediately beyond the corporate limits of the city of Bloomington, in Monroe county, Indiana, appellant on and previous to the aforesaid date had a switch yard wherein it negligently constructed and maintained, as alleged, several switch tracks or sidings, and also a roundhouse and telegraph station. These side-tracks or switches were from one-fourth to one-half mile in length, and parallel with the main railroad track. The distance between these switch tracks was from six and one-half to seven feet, and freight-cars running

thereover would, it is alleged, protrude and extend over and beyond the track or tracks to a distance of from two to two and one-half feet. The open space between the cars when running or standing on opposite tracks in said switch yard did not exceed three feet, thereby the space between the cars was not sufficient to enable brakemen to discharge their duties as such in said yard with reasonable safety. About midway of the switch yard a public highway runs east and west, and crosses the main and switch tracks situated in said yard. This highway is used and traveled by the public generally. On the date of the fatal accident, to wit, December 2, 1899, one of appellant's freight-trains, upon which the decedent was employed and serving as a brakeman, was going south over appellant's road. It was composed of a locomotive engine and a large number of freight-cars. Upon the arrival of this freight-train at the aforesaid switch yard it was run into the yard onto track No. 3, and was moved through the yard towards the south until the engine and a part of the cars thereof had crossed the aforesaid highway, when it was stopped, thereby causing a part of the train to block or obstruct said highway. It is alleged then that Coombs, the decedent, while acting in the line of his duty as a brakeman on said train, and in compliance with the rules of appellant controlling the operation of said train by its servants, and also in compliance with and in obedience to the laws of the State of Indiana prohibiting the obstruction of public highways, alighted from the train, on the west side thereof, onto the said highway crossing, for the purpose of uncoupling the cars of the train, in order that it might be cut apart, and the cars thereof, which were obstructing the highway crossing, removed therefrom. When the train reached the switch yard, and at the time said Coombs alighted therefrom, it was about 9 o'clock at night, and very dark, there being no lights of any kind whatever either at any point in the switch yard or at the crossing of said highway. Coombs, when he alighted from the

train, and at the time he was engaged in the line of his work as hereinafter mentioned, neither saw nor heard any train on the side-track immediately next to the track upon which his said freight-train was standing. He was engaged in his duties east of track No. 2, and was between tracks No. 2 and No. 3, and was standing at the time of the accident as near to the latter track as it was possible for him to be, and was then and there engaged in uncoupling the cars of his train, and in giving and receiving signals from those in charge thereof. The engine attached to his freight-train, together with other engines in the yard nearby, were blowing off steam and making such a noise that it was impossible for him to hear the running or approach of any train on track No. 2. While in the line of his duties, and discharging the same as before stated, the defendant railroad company carelessly, negligently and recklessly backed and run from the south a train, consisting of fifteen freight-cars and an engine, along, over and upon track No. 2, over and across said public highway. One of the cars of said train, in the north end thereof, was a very large box-car, and, including the projections thereof, was ten feet and over in width. There was no light upon said train, and it was run and backed with no watchman or lookout thereon, and no signal whatever of its approach was given. The bell on the engine at no time was rung when the train was in motion, neither was the engine whistle sounded at any time when said train was being backed down to said highway crossing. It is disclosed, in general, that no signal or warning whatever, of any kind, was given by the defendant of the approach of said train; and it is alleged that the engine bell of said train was not rung, nor was the engine whistle sounded when said train was within eighty rods of said highway crossing, nor at any point when the train was approaching said crossing where the decedent was engaged in uncoupling cars and in giving signals as before stated. Said train and cars struck and killed said decedent while he was engaged

in the discharge of his duties as hereinafter alleged. It is further charged that the defendant so negligently constructed its side-tracks and switches at said highway crossing where the decedent was killed as aforesaid that the space between the cars of the train upon which he was brakeman and the cars of the train by which he was killed did not exceed two and one-half feet. Coombs had no knowledge whatever of the approach of the train at the time he was killed, and no warning was given him by the defendant of the danger to which he was exposed. Other facts relative to damages are alleged. At the close of the pleading it is alleged "that by reason of the defendant's negligence in not having a light or a watchman at said highway crossing, and in not having a light, signal, person or watchman on said car and train thus pushed over said track and highway crossing, and in not sounding the whistle nor ringing the bell on said engine of said train, and by reason of said defendant's negligence in not giving any signal or warning whatever of the approach of said train to the crossing of said public highway, and by reason of said defendant's negligence in pushing a train of fifteen freight-cars ahead of an engine attached thereto, and by reason of all the negligent acts and omissions of said defendant herein set forth, plaintiff alleges that said defendant negligently and carelessly injured and killed said George E. Coombs." The second paragraph of the complaint is substantially like the first; hence if the latter is sufficient to withstand a demurrer, it necessarily follows that the former can be upheld.

1. It is insisted by counsel for appellee that the complaint sufficiently discloses several acts of negligence which will render the railroad company liable either at common law or under the employers' liability act. §7083 Burns 1901, Acts 1893, p. 294. When tested by the rules of pleading we think it is evident that this action is not predicated upon any of the provisions of the employers' liability act of this State, for the rule is well settled that when a

party in his pleading seeks to avail himself of the benefits of a statute, he is required by the averments thereof to bring himself fully within the provision or provisions of the statute upon which he relies. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96. A complainant who seeks to base an action on any of the provisions of the employers' liability act must, by positive and direct averment of facts, show that the action falls within the particular provision upon which he relies. With this rule appellee has not complied.

It is insisted by counsel for appellant, among other reasons, that the complaint is insufficient on demurrer because it does not charge that appellant owed the decedent any duty in regard to the operation or running of its train in its switch yard at the time of the accident. It is said that the only duty owing by appellant was properly to construct and maintain its tracks. This duty, it is asserted, the law imposed upon the railroad company, and that a violation thereof is the only one charged in the complaint. The further contention is that the duty of appellant to have a light or a watchman on its cars, or to give signals or warning in regard to the movement or running of its trains in the switch yard in question, was not a duty imposed by any statute or ordinance, and did not arise out of any general law applicable to the case. It is contended that if any such duty existed it should have been expressly shown under the averments of the complaint. It is claimed that it is not disclosed to have been the custom of appellant, previous to the accident, to have a lookout or watchman or light upon its cars when they were being backed or run on the tracks in the switch yard, or to give any warning or signals upon such occasions by ringing the engine bell or sounding the whistle. It is urged that under such circumstances no duty to do so could arise either by operation of law or in fact.

The further contentions are advanced (1) that the paragraph wholly fails to disclose any duty of appellant for a

breach of which it would be liable for the death of appellee's decedent; (2) that there are no facts alleged to disclose that the deceased did not assume the risk or danger incident to the condition of the tracks.

2.   The pleader, in drafting the complaint, in effect, at least, may be said to charge several acts of negligence on the part of appellant, whereby it is sought to show that the place where the decedent worked was unsafe at the time of the accident.   In a case where several acts of negligence are sufficiently alleged in the complaint, a recovery upon the trial will be justified if it be established that the injury complained of was the result of one or more of said acts.   *Long* v. *Doxey* (1875), 50 Ind. 385; *Diamond Block Coal Co.* v. *Edmonson* (1896), 14 Ind. App. 594, and cases there cited; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; 14 Ency. Pl. and Pr., 345.

3.   As previously said, the theory of the pleading is that appellant had violated its duty in not providing and maintaining a reasonably safe place for the decedent to perform the duties which it exacted of him.   It is settled that this is a duty which the master can not delegate to another, and thereby relieve himself from liability to an injured servant who is free from contributory negligence.   Whether the master makes no provision for the discharge of this duty, or charges the performance thereof to another, the negligence, if any, is the master's, because it is his duty which is neglected.   *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280.

4.   It is alleged in the complaint that, by reason of the distance between the switch track, and the extent to which freight-cars protruded over and beyond the track, the open space between the cars when running or standing on adjacent tracks, like No. 2 and No. 3, did not exceed three feet, and thereby the space between the cars was rendered insufficient for brakemen to discharge their duties in said yard with reasonable safety.   It will be observed that the com-

plaint alleges generally that the defendant so negligently constructed its side-tracks and switches at the highway crossing where the decedent was at work that the space between the cars of the train upon which he was working and the cars by which he was killed did not exceed two and one-half feet. It is shown that he, at the time of the fatal accident, was engaged, in the line of his duty, at work between tracks No. 2 and No. 3 uncoupling the cars of his train which had been stopped on track No. 3, and was giving the required signals to the engineer—all, as disclosed, for the purpose or in order that the train might be cut apart, and the cars removed from the public highway crossing which they were temporarily obstructing. It appears that in performing this work he was acting in compliance with the rules and requirements of appellant railroad company. In respect to the duty which appellant owed to the decedent as its servant, the rule is not, as counsel for appellant contend, that the complaint should have positively charged that it, at the time of the accident, owed the decedent a duty. It was not essential to allege that a certain act or line of conduct was a duty imposed upon appellant by law, for, as a general rule, a legal duty may be implied from the acts averred in the pleading. It is elementary that a conclusion of law is not required to be alleged. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *City of Ft. Wayne* v. *Christie* (1901), 156 Ind. 172; *Cribben* v. *Callaghan* (1895), 156 Ill. 549, 41 N. E. 178; *West Chicago St. R. Co.* v. *Coit* (1893), 50 Ill. App. 640.

5. The rule affirmed by repeated decisions of this court is that a general averment of negligence has a technical signification, and, in an action for negligence, if a legal duty and a violation thereof are disclosed, the general averment of the negligence complained of will be sufficient on demurrer. *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 3 Am. St. 638; *Ohio, etc., R. Co.* v. *Collarn* (1881), 73

Ind. 261, 38 Am. Rep. 134; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80.

6.   Without further comments, we pass to the consideration of the contention that the pleading, under the facts therein, fails to show that Coombs, the deceased, did not assume the risk incident to the proximity of the tracks to each other.   It will be observed that one of the grounds of negligence which the complaint apparently seeks to combine with others to establish that the premises where the deceased was at work in the line of his duty at the time of the fatal accident were rendered unsafe is the proximity to each other of tracks No. 2 and No. 3 in the switch yard.   The paragraph is open to the objection, however, that it wholly fails to show in any manner that prior to the accident the deceased was ignorant of the alleged condition of these tracks.   Therefore, under the circumstances, he, as appellant's servant, must be held to have assumed whatever risk or danger is attributable to the unsafe condition of the tracks in question.   *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, and cases there cited; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584.

In the case last cited this court said:  "Under the allegations of the complaint appellee was required to prove not only that the decedent had no knowledge of said defects, but that he could not have known them by the exercise of ordinary care.  *   *   *   If he had knowledge of said defects and danger, or could have had such knowledge by the exercise of ordinary care, then he assumed the risks resulting therefrom, if thereafter he voluntarily continued in the service."

If we consider the condition in which it is alleged appellant constructed and maintained the tracks in controversy as a separate and distinct ground or act of negligence which rendered unsafe the place where the decedent was at work

at the time of the accident, or if we consider such act of negligence conjointly with the other alleged negligent acts to establish the unsafety of the premises, it must follow from either view of the case that the pleading is insufficient on demurrer, because there is nothing therein alleged to negative on the part of the decedent the assumption of the risk or danger incident to the condition of said tracks. For this reason, at least, if for no other, each paragraph of the complaint is bad, and the demurrer thereto should have been sustained.

Appellant's motion for judgment in its favor on the interrogatories was properly denied. The other questions discussed by counsel are passed without consideration, for the reason that they may not arise on another trial.

For the error of the court in overruling the demurrer, the judgment is reversed, and the cause is remanded to the lower court, with instructions to sustain the demurrer to each paragraph of the complaint, with leave to appellee, upon her request, to file an amended complaint.