## LAPORTE CARRIAGE COMPANY *v.* SULLENDER, BY NEXT FRIEND.

[No. 20,716.   Filed October 6, 1905.]

1. MASTER AND SERVANT.—*Statutes.*—*Factory Act.*—*Children.*— *Employment of.*—The employment of a child fourteen years old, by a manufacturing establishment, is not a violation of the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2).   p. 296.

2. PLEADING.—*Complaint.*—*Factory Act.*—*Employment of Children.*—*Registers.*—*Affidavits.*—A complaint showing that the defendant company employed plaintiff, a minor, fourteen years old; that defendant made no inquiry as to his age, and that he was put to work in a dangerous place, is not sufficient to show a violation of the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2) as to its requirements that certain employers shall take affidavits showing the age of certain children and keep a register thereof.   p. 296.

3. SAME.—*Complaint.*—*Liability by Statutes.*—*How Shown.*—*Intendment.*—To maintain an action for a liability created by statute the complaint must bring the cause clearly within the terms of such statute, and an omission can not be supplied by intendment.   p. 297.

4. SAME.—*Complaint.*—*Master and Servant.*—*Failure to Instruct as to Dangers.*—A complaint, showing that defendant employed plaintiff, fourteen years old, of the average size; that no in-

quiry was made as to plaintiff's age, knowledge of the work or experience; that he was not informed by defendant as to the dangers of the employment or instructed as to the best manner of doing his work; that he was placed ten or fifteen feet from an emery belt where he was, without his knowledge, exposed to flying particles of emery and that by reason thereof an eye was destroyed, is bad as an action at the common law for negligent failure to instruct an inexperienced servant.  p. 297.

5.  PLEADING.—*Complaint.—Several Causes.*—A complaint alleging several acts of negligence by defendant is good if any one of such acts is sufficiently shown.  p. 299.

6.  SAME.—*Complaint.—Negligence.—Facts Only Pleaded.—Rule.* —A complaint, showing the commission of certain acts by defendant, without characterizing such acts as "negligently" committed, is bad, unless the facts so alleged compel the conclusion that the injury flowed proximately from the acts charged.  p. 299.

7.  SAME.—*Inferences.*—No inferences will be drawn in favor of a pleading, positive averments being necessary.  p. 299.

8.  SAME.—*Complaint.—Negligence.—Proximate Cause.*—A complaint, which fails to show that the proximate cause of plaintiff's injuries was the defendant's negligence, is bad.  p. 300.

9.  STATUTES.—*Factory Act.—"Belting."*—The word "belting," as used in the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2), means such belts as are used in driving or operating the machinery, and does not include an "emery belt" used in finishing.  p. 301.

10.  SAME.—*Factory Act.—"And Machinery of Every Description Therein."*—The phrase "and machinery of every description therein," as used in the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2), is limited and qualified by the specific designation of the machinery and appliances immediately preceding, and includes machinery only of the character designated as "vats, pans, saws," etc.  p. 302.

11.  PLEADING.—*Complaint.—Factory Act.—"Emery Belt."*—A complaint, in an action founded upon a violation of the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2), for damages for injuries received on account of an "emery belt," is bad, where it fails to show that such belt is of the character of "vats, pans, saws," etc., specifically mentioned in such act.  p. 303.

12.  SAME.—*Complaint.—Factory Act.—Guarding Dangerous Machinery.—Burden.*—A complaint for damages on account of defendant's violation of the factory act (§7087b Burns 1901, Acts 1899, p. 231, §2) in failing to guard dangerous machinery, which fails to show that such machinery is dangerous and could properly be guarded, is bad, the burden of pleading and proving such facts being upon the plaintiff.  p. 303.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by John H. Sullender, by his next friend, against the Laporte Carriage Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under subd: 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Reversed.*

*Frank E. Osborn* and *W. A. McVey,* for appellant.
*Ellsworth E. Weir, Philo Q. Doran* and *Elias D. Salsbury,* for appellee.

JORDAN, J.—This action was commenced by appellee, a minor, by next friend, to recover damages alleged to have been sustained by reason of the loss of an eye while in the employ of appellant as its servant. The amended complaint, upon which the cause was tried, consists of two paragraphs, to each of which a demurrer for want of facts was overruled. Answer, general denial. Trial by jury, with a verdict in favor of appellee awarding him $3,000, upon which judgment was rendered over appellant's motion for a new trial.

The errors assigned and relied on for a reversal are (1) overruling the demurrer to each paragraph of the amended complaint; (2) overruling the motion for a new trial.

The first paragraph of the complaint in substance alleges: That the defendant is a corporation duly organized and existing; that on February 5, 1902, the plaintiff was a minor, of the age of fourteen years, residing with his father, and on said day he was in possession of perfect eyesight in both of his eyes, and was free from physical infirmities; that he was a boy of the usual size, growth and development of one of his age, which fact was patent to an ordinary observer; that on said day the plaintiff was employed by the defendant to serve or act as an errand boy and to perform general work about the defendant's factory, and was, by the foreman of the department in which he was put to work, instructed to bring materials from the stock-room to various

places and to the workmen in said department; that subsequently on said day the plaintiff "was instructed by said foreman to work at putting up 'reaches,' and, obeying the instructions of the foreman, he at once proceeded to and did perform the work thus assigned to him." The paragraph then alleges: "That neither at the time of his employment nor while so employed by defendant was any inquiry whatever made as to his age, knowledge of the work he was about to undertake, experience in factories where machinery was employed, or his physical ability to perform the labor he was about to engage in, nor was he informed by the defendant or any of its officers or representatives of the dangers incident to his employment, or instructed as to the best and safest manner in which to perform the labor he was to undertake, or of the danger or possibility of injury by reason of the proximity of machinery to the place where he was to perform his labor; but, on the contrary, without information or instructions, and without any knowledge on his part of any danger of injury to him, he was by said foreman placed at work within ten or fifteen feet of what is commonly known as an 'emery belt,' used by the defendant for polishing and finishing metal parts of the wagons and buggies which said defendant is engaged in making, at a point where he was exposed to flying particles of emery and metal, and without any protection whatever from said flying particles; that the defendant must have known and did know of the likelihood of said particles' being thrown by said emery by reason of the constant friction, but did not protect said belt or the place where plaintiff was engaged at work with any screen or other device to prevent injury to him or other employes who were passing said place, as required by law to be done; that on the 6th day of February, the same being the second day of his employment, and while he was still ignorant of the danger of his employment and of the dangerous character of the place where he was engaged at work, while actually engaged in the work which

he was instructed to perform, this plaintiff was struck in the eye with a flying particle of emery or metal, thrown off by said emery belt; that said emery or metal penetrated the pupil of said eye, destroying the sight, and rendering the plaintiff blind in said eye, causing him great suffering and discomfort." It is further averred that by reason of said injury "plaintiff was compelled to and did enter a hospital where an operation was performed on his eye, the latter being removed; that he suffered great pain and agony, and. that great danger exists that the injury will affect his other eye and thereby render it necessary to have the same removed." The paragraph closes with the averment "that by reason of the foregoing the plaintiff has been damaged in the sum of $5,000, for which he demands judgment."

The first and second paragraphs in some respects are substantially alike. The second, in like manner as the first, charges that the defendant is a corporation, duly organized, etc., and that on the 5th day of February, 1902, plaintiff was a minor, of the age of fourteen years, residing with his father and in possession of perfect sight in both of his eyes, and free from any physical infirmities, and on said day he was employed by the defendant to act as an errand boy to perform general work about the factory of the defendant, and in the course of his employment he was instructed by the foreman of the defendant in the department in which he went to work to bring materials from the stock-room to various places and to the workmen, which he did; that he was directed by said foreman to work at putting up "reaches," and that he proceeded to perform the work thus assigned to him. All matters relative to the failure of the defendant to make any inquiry in regard to appellee's age, knowledge and experience, as alleged in the first paragraph, are omitted. The pleading, however, alleges: "That the place where he was instructed by said foreman to work was located about ten or fifteen feet from a point where what is commonly known as an 'emery belt' was in operation; that

said emery belt was used by the defendant for polishing and finishing metal parts of wagons and buggies; that the point at which he was instructed to and did work was exposed to flying particles of emery and metal; that said emery belt and the pulley over which the same ran were not protected by any screen, guard or fence, as required by law; but, on the contrary, no protection from the flying particles of emery and metal from said belt was afforded at the point where plaintiff was engaged at work under the direction of said foreman; that in the use of said belt particles of metal and emery did, as a matter of fact, fly in the direction and toward the point where plaintiff was engaged at work, and plaintiff, while actually engaged in the work which he was instructed to perform, on the second day of his employment, to wit, on the 6th day of February, was struck in the eye with a flying particle of emery or metal which was thrown off of said belt; that said emery or metal penetrated the eye, destroying the sight of the same, and rendered the plaintiff blind in said eye at the time, and thereafter caused him great physical suffering and discomfort." The pleading then, in like manner as the first paragraph, proceeds to disclose the fact that the plaintiff entered a hospital where his eye was removed, and by reason thereof he suffered great agony and pain, etc. It is then averred that by reason of the foregoing facts the plaintiff has been damaged in the sum of $5,000. Wherefore, he demands judgment, etc.

Counsel for appellee, in their attempt to expose what they consider to be the theory of the first paragraph of the complaint, assert: "There was charged, therefore, an unlawful hiring, want of knowledge on plaintiff's part, failure to instruct as to danger, failure to furnish a safe working place, knowledge of the danger by defendant, violation of a statutory duty in failing to guard the emery belt, the injury to plaintiff, and that by reason of the facts stated plaintiff was damaged." Counsel continuing their argument say: "The only inference to be drawn from the facts stated is

that the damage suffered by appellee was caused by reason of the unlawful hiring, the failure to instruct as to dangers, the failure to furnish a safe working place, the violation of the statutory duty to guard the emery belt, and the knowledge of the danger by appellant."

In regard to the second paragraph counsel assert that it "counts upon the appellant's failure to guard the emery belt as required by law; the neglect or omission of a statutory duty, 'which, without reference to any other averment, is a sufficient charge of negligence.'"

The contention that the facts as alleged in the first paragraph disclose a case of noncompliance on appellant's part with the provisions of section two of what is known

1. as the factory act (Acts 1899, p. 231, §7087b Burns 1901) is wholly untenable. It would certainly require a stretch of imagination to hold that the facts as averred in the first paragraph show that appellant employed appellee in violation of the above section of the statute, and that therefore, as insisted by counsel, the employment was unlawful, or a breach of duty on the part of the employer to which the injury in question must be attributed. Section 7087b, *supra,* declares that "No child under fourteen years of age shall be employed in any manufacturing or mercantile establishment," etc. In both paragraphs of the complaint it is expressly shown that appellee was of the age of fourteen years, therefore it is evident that he was not employed in violation of this prohibitory clause of the statute.

But the argument is advanced that appellant violated the provisions of the above section, which exact of the factory man the duty of keeping a register in which shall be

2. recorded the name, etc., of every person under the age of sixteen years employed by him, and further that appellant company violated the statute by failing to obtain from appellee's father an affidavit relative to his age, place of birth, etc., and in not placing such affidavit on file prior to taking appellee into its employ. But even though

in reason it could be asserted that a neglect by appellant to keep a register and obtain an affidavit from the father of the minor could in any manner, under the facts averred in the first paragraph, give appellee a right of action, there certainly is nothing positively averred to establish that appellant in this respect was guilty of violating the statute.

The general rule, which has been repeatedly affirmed by our decisions, is that, where a party seeks to maintain an action under a statute, he must state or allege specifically and fully every fact requisite to bring his cause of action within the provisions of the statute upon which he relies. No·omission in this respect can be supplied by intendment. *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673, and authorities cited; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143. The first paragraph is wholly insufficient in charging negligence against appellant under the provisions of §7087b, *supra.*

The next inquiry is: Does this paragraph sufficiently state a cause of actionable negligence against appellant at common law? As it appears to us the pleader in drafting the paragraph in controversy has attempted to travel upon the theory that appellee by reason of his youth and his inexperience in working about dangerous machinery was incapable of appreciating the perils and risks incident to the work which he was employed to perform, and that, under the circumstances, appellant, who was his master, owed the duty of giving him, an inexperienced servant, proper instructions and caution in regard to the manner of safely performing his work. This is the theory in fact recognized by the trial court in respect to the paragraph in controversy. It appears that the court instructed the jury that before they could find for the plaintiff upon the first paragraph it must appear by a preponderance of the evidence that plaintiff's injury was caused by a failure to instruct him. In answering an interrogatory the jury

also found that "plaintiff's injury was caused by the defendant's failure to instruct and warn him." It is seemingly the omission of this duty which constitutes the negligence upon which appellee attempts to base his right of action under the first paragraph of the complaint. It, however, falls short of presenting a case within this theory. Aside from the fact that appellee was fourteen years of age, there is nothing in addition thereto to disclose that he was either ignorant or inexperienced in regard to the hazards, if any, of the services or work which he had been hired to perform. There are no positive facts, aside from the statement as to his age, averred to disclose that appellant was in duty bound to instruct or warn him in regard to the dangers of the particular employment. The presumption is that appellant was not guilty of a breach of its legal duty, and we can not supply by intendment facts tending to establish such breach. The mere recital of facts as employed in the pleading in controversy will not suffice for material averments. The fact alone that appellee was fourteen years of age will not raise or justify the inference that he did not know or appreciate the risks of his employment, and was not qualified by experience to judge of the character and hazard of the work which he had undertaken to perform. In order properly to charge appellant with a neglect of duty in not giving proper instructions or warning, facts should have been alleged to establish appellee's inexperience and ignorance to judge for himself as to the character and perils of his employment, and that appellant with knowledge thereof, either actual or constructive, failed to give him the necessary warning and instructions. These were essential elements which the pleading should have disclosed. *Louisville, etc., R. Co.* v. *Frawley* (1887), 110 Ind. 18; *Brazil Block Coal Co.* v. *Young* (1889), 117 Ind. 520, and cases cited; *Brazil Block Coal Co.* v. *Gaffney* (1889), 119 Ind. 455, 4 L. R. A. 850, 12 Am. St. 422.

. The argument of appellee's counsel that the first paragraph must be held to disclose sufficiently several grounds of actionable negligence, viz., (1) unlawful hiring of appellee by appellant; (2) failure to instruct him; (3) neglect to furnish a safe working place; (4) violation of a statutory duty to guard the emery belt by which he was injured—is without support. It is true in actions at common law, predicated upon the negligence of the defendant, where several acts or grounds of negligence are sufficiently alleged in the complaint, a recovery at the trial will be justified if it be proved that the injury complained of was the result of one or more of said acts. *Chicago, etc., R. Co.* v. *Barnes, supra.*

We have already shown the insufficiency of the pleading to state a right of action based on the first and second grounds enumerated by appellee. That it is deficient in facts in respect to the other enumerated grounds is manifest. It will be observed that negligence against appellant is not charged by the pleader in direct or general terms, but the pleading relies upon the facts averred to justify or raise the presumption or inference that appellant was guilty of actionable negligence without any direct averment relative thereto. In common-law actions based upon negligence, the negligence relied upon must be either directly alleged or such facts must be stated as will compel the presumption or inference that it was the proximate cause of the injury sustained by the complaining party. This rule is well supported and settled by our decisions. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, and the many cases there cited.

It must be remembered that the question presented herein is in regard to pleading and not one in respect to evidence. There is a material difference between matters relating to the former and those pertaining to the latter. In pleading, facts must be directly and posi-

tively alleged, while in regard to evidence conclusions may be inferred from facts and circumstances without positive statements.

In addition to the other infirmities of the paragraph in question, it may be asserted that there are no such facts alleged as will authorize an inference that any negligence on the part of appellant was the proximate cause of appellee's injury. This fact is essential in order to render the complaint sufficient on demurrer. *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, and cases cited; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413.

The first paragraph, at least for the reasons which we have stated, does not respond to the requirements of the well-settled rules of pleading, hence the court erred in overruling the demurrer thereto.

We can not yield our sanction to the contention of appellee's counsel that the second paragraph states a case of negligence against appellant because it did not comply with section nine of our factory act (Acts 1899, p. 231, §7087i Burns 1901) in not guarding the "emery belt," to which fact appellee attributes his injury. This section provides that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded." Aside from the alleged facts that the emery belt mentioned in the pleading was used by the defendant for polishing and finishing metal parts of wagons and buggies, there are no other facts alleged to disclose its construction or character, or to show whether the operation thereof is attended with danger. As to these facts we are left to conjecture. An examination, however, of the evidence shows that the machinery or appliance herein in question consists of two wheels or pulleys, one of which, together with an emery belt, is fastened upon a driving-shaft, and the other adjusted about eight feet distant, over which pulleys pass the emery belt or strap.

In *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 153, 58 L. R. A. 944, in considering §7087i, *supra,* we said: "Its effect is to impress upon certain kinds of machinery, such as saws, planers, cogs, gearing, belting or shafting, in any manufacturing establishment, the character of dangerous machinery, and to interdict their use by the employer unless properly guarded."

In *Robertson* v. *Ford* (1905), 164 Ind. 538, in placing an interpretation or construction on the requirements of the above section, we held that under its express provisions, "that all vats, pans, saws, * * * shall be properly guarded," it becomes the imperative duty of all persons operating manufacturing concerns which come within the scope of the statute to comply with its provisions. It was further said in that case: "Of course, the act does not intend to exact a compliance where, in respect to some particular machinery or appliance, it is impossible properly to guard it without rendering the same useless for the purpose for which it was intended. The law never exacts the performance of an impossibility." In the same appeal we approved as correct the interpretation accorded by the New York court of appeals in *Glens Falls, etc., Cement Co.* v. *Travelers Ins. Co.* (1900), 162 N. Y. 399, 56 N. E. 897, to a similar statute of that state to the effect that the legislature in enacting the act in question did not intend that every piece of machinery in a large building should be covered or guarded, as that would be impracticable.

What evidently was intended or contemplated by the legislature was that those parts of the machinery which were dangerous to employes whose duties required them to work in the immediate vicinity of such dangerous machinery should be properly guarded, in order to minimize as far as practicable the perils or dangers attending their labor. When considered in connection with this construction of the statute it is manifest that the second

paragraph of the complaint does not state facts sufficient to show a breach of duty required of appellant under the provisions of the section of the statute in controversy. It will be noted that the machine or appliance denominated an "emery belt" in the paragraph is not one of the particularly enumerated or designated pieces of machinery or appliances required to be properly guarded. It does not come within the term or word "belting," as employed in the statute; for that term is used in a collective sense, and contemplates such belts as are employed in running or operating the machinery of a factory or manufacturing concern. The general phrase, "and machinery of every description therein," under a well-recognized canon of construction applicable to the interpretation of statutes, must be held to be limited and qualified by the specific designation of the machinery or appliance which immediately precedes it. The rule generally affirmed by our decisions, and also by other authorities, is that where words of a particular or specific description in a statute are followed by general words which are not so specific and limited, the latter are to be construed as applicable to persons, things or cases of like character to those designated by the preceding, particular or specific words, unless there is a clear manifestation on the part of the legislature of a contrary purpose. *Miller* v. *State* (1889), 121 Ind. 294; *Nichols* v. *State* (1891), 127 Ind. 406; *State, ex rel.,* v. *Board, etc.* (1904), 162 Ind. 183; *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108; *Burks* v. *Bosso* (1905), 180 N. Y. 341, 73 N. E. 58; Black, Interp. of Laws, p. 141; Endlich, Interp. of Stat., §§404, 405.

The rule in question is commonly denominated by the authorities *"ejusdem generis,"* because it usually restricts expressions in a statute, such as "all others" or "any others," to persons and things of the same kind or class of those specifically designated by the preceding words. There being

nothing in the statute in question to indicate to the contrary, the general phrase, namely, "and machinery of every description therein," must, under the rule stated, be construed as meaning and including machinery or appliances belonging to or of the class or character designated as "vats, pans, saws," etc.

The paragraph in question, however, utterly fails to aver facts to show that the emery belt mentioned therein is of the kind or character of the class of machinery specifically designated by the statute to be guarded. Aside from the fact that it throws off particles of emery as alleged, there is nothing to show a necessity for guarding it, for the reason that its operation or use is attended with danger to the employes of appellant who work in the vicinity thereof. There is also an entire absence of facts to disclose whether it is possible or practicable properly to guard this particular machine without rendering it useless for the purpose for which it is intended to be operated. The burden of showing these facts in the pleading rested on appellee, and the fact, if it is a fact, that the machine or appliance in question is of such a character that it can not be properly guarded, can not be said to be a matter of defense to be proved by appellant; for, as previously said, a party who relies upon a statute must bring himself fully and clearly within all its provisions. The act is highly penal, and a violation thereof subjects the offender to the punishment therein provided. In charging a case of neglect to comply with its provisions, intendments or inferences can not be resorted to to supply the omission of material facts. For the insufficiencies pointed out in respect to the second paragraph, and possibly for others, it must be held that the court erred in overruling the demurrer thereto. Other questions are discussed by appellant's counsel; but what we have said herein, in considering the sufficiency of the pleading, will serve, we think, to render it improbable

that these questions will arise again upon another trial. · We therefore pass them without consideration.

For the error in overruling the demurrer to each paragraph of the complaint, the judgment is reversed, with instructions to sustain said demurrer, with leave to appellee, upon request, to file an amended complaint.