HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER, } JUSTICES.
HON. CHARLES B. GRAVES,
HON. ALFRED W. BENSON,

EDWARD HENSCHELL, a *Minor*, etc., v. THE UNION
PACIFIC RAILWAY COMPANY.

No. 15,344.   ( 96 Pac. 857.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Transcript of the Record.* The
fact that the clerk of the trial court in preparing the tran-
script of the record attached to the petition in error incor-
porated therein a part of the original files in the case instead
of copies is not a ground for dismissing the proceedings in
error.

2. MASTER AND SERVANT—*Injury to Servant—Guarding of Ma-
chinery.* The provision of the "factory act" (Laws 1903, ch.
356, § 4) that "all . . . cog gearing . . . used in a
manufacturing establishment shall, where practicable, be
properly and safely guarded, for the purpose of preventing
.. . . injury to the persons employed . . . in any such
establishment," contemplates that such gearing shall be
screened, enclosed or covered—that is, that a barrier of some
sort shall be interposed to keep the employees from coming in
contact therewith; it does not require the remodeling of ma-
chinery or the addition of any attachments excepting those
of the character indicated.

3. ———— *Evidence that It Was Practicable to Guard Machinery.*
In an action under the portion of the factory act above quoted
it is ordinarily incumbent upon the plaintiff to produce evi-
dence that it was practicable to guard the machinery which
occasioned the injury complained of.

Error from Wyandotte court of common pleas; WILL-IAM G. HOLT, judge. Opinion filed July 3, 1908. Affirmed.

*J. W. Dana,* for plaintiff in error.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Edward Henschell prosecutes error from a judgment rendered against him upon the sustaining of a demurrer to his evidence in an action brought by him against the Union Pacific Railway Company to recover damages for injuries received by having his hand caught in the cog-wheels of a machine which he operated in the defendant's repair-shops.

The case comes here by a transcript, not by a case-made. The evidence was brought upon the record, not by a bill of exceptions, but by the authentication of the stenographer, as provided in section 1 of chapter 320 of the Laws of 1905. A motion to dismiss is made on the ground that the provisions of this statute were not complied with. The plaintiff prepared a document containing a statement of all the proceedings that had been had, including the evidence, which he caused to be settled as a case-made. After proceeding thus far he concluded not to rely upon a case-made. He therefore had the stenographer attach a certificate that certain enumerated pages of the document contained a true and correct transcript of all the evidence, with all objections and exceptions and rulings thereon, and filed the whole with the clerk of the trial court. There is attached to the petition in error what purports to be a transcript of the record, although it apparently consists of the document originally prepared as a case-made. These considerations do not show any ground for dismissal. This case differs from *Marty v. City of Rosedale**, which was dismissed at the last session

---

* No opinion was rendered in this case.—REP.

of the court under somewhat similar circumstances. There, however, the stenographer certified that the entire document, which had been prepared as a case-made, contained the evidence, but it was not possible to tell from the certificate what portion of the contents constituted the transcript of the evidence. Here the pages containing this matter are specifically `designated. Of course the clerk of the court of common pleas should have retained the original manuscript authenticated by the stenographer, and should have inserted a copy of it in the transcript of the record to which he attached his own certificate. But the fact that he used the original instead of a copy does not deprive this court of jurisdiction. When the stenographer's transcript of the evidence was filed with the clerk of the trial court it became a part of the record of the case. It is still a part of that record in contemplation of law, although it has been physically removed to this court. The transcript filed here correctly exhibits the proceedings below, and the clerk's mistake in using a part of the original record for a copy is not a ground for dismissal.

The cog-wheels by which the plaintiff was injured required from time to time to be shifted out of gear with each other. This was accomplished by grasping one of them by the rim and pulling it in the direction of its axis. Of course this was to be done only while the wheels were at rest. Power was applied to and cut off from them by means of an anchor-shaped latch near the floor, which was worked by the operator's foot. While the plaintiff was throwing them out of gear in the manner described, having first shut off the power from them by moving the latch with his foot, in some unexplained manner the latch sprang back into place, the gearing was set in motion, and a part of his little finger was cut off. He claims that the defendant was negligent in these respects: (1) In not having a knob or handle attached to the cog-wheel by which it could be shifted without grasping it by the rim; (2) in not

warning him of the danger in operating such gearing·
without such an appliance; and (3) in not having the·
cog-wheels guarded, as required by the "factory act."
So far as relates to the first two allegations of negli--
gence they ·are unavailing, for this reason, if for no·
other: the danger in operating the cog-wheels by
placing the hand upon the rim of one of them was·
perfectly obvious, providing it is assumed that they
might begin moving during the operation. The act
was safe so long as the wheels were stationary, but if
they began ·to move injury was almost inevitable. Al-
though the plaintiff was not of age, his testimony
showed that he was fully capable of appreciating these
facts, and did appreciate them. He must be regarded
as having assumed the risk so far as it resulted from
the manner of shifting the cog-wheels out of gear.
No claim was made that the unexpected starting of the·
machinery—the apparent proximate cause of the in-
jury—was due to defective appliances or to any other
form of negligence; nor was there any showing that
this was something that the defendant ought reason-
ably to have anticipated.

As against the third character of negligence com-
plained of—the violation of the factory act—assump-
tion of risk would not be a defense, but upon this
aspect of the case there was an entire failure of proof.
The statute (Laws 1903, ch. 356, § 4) requires that "all
. . . cog gearing . . . used in a manufactur-
ing establishment shall, *where practicable,* be properly
and safely guarded, ·for the purpose of preventing·
. · . . injury to the persons employed . . . in
any such establishment." There was evidence that a
knob or handle could have been attached to the cog-
wheel so that it could have been pulled out of gear
without taking hold of the rim, but none that the cog
gearing could· have been screened, enclosed, boxed or
covered, which is manifestly the kind of guarding the
law contemplates; that is, the supplying of some phys-

ical shield to prevent one from coming in contact with the dangerous machinery—not a remodeling of the machine or the adoption of a different method of operating it, or even the adding of a device by which it might be more safely handled. We do not discover that the language quoted has received a judicial construction in this respect, but the meaning we attribute to it seems obvious. An employer may of course be rendered liable by a failure to provide a safe method of operating his machinery, but liability under the statute arises only by neglect of the very precautions there commanded. In some cases a presumption might be derived from a description of the machinery that a guard of the kind referred to in the statute was practicable, but that does not appear to be the situation here. A skilled machinist testified that modern machines intended for the same general purposes were differently constructed, so that the cogs were not exposed, and could be changed without stopping; that new parts could have been added to the old machine so as to render it safer; but he was not asked and did not say whether a physical barrier could have been interposed between the operator and the cogs. The plaintiff pleaded that a statutory guard was practicable, and it was incumbent upon him to offer evidence in support of the allegation. Not having done so, a demurrer to the evidence was properly sustained for this reason, so far as the action was to be regarded as one brought under the factory act. The allegation thus left without support was an essential one. Even under a statute which omitted the words "when practicable," it was said in *Laporte Carriage Co. v. Sullender,* 165 Ind. 290, 75 N. E. 277:

"There is also an entire absence of facts to disclose whether it is possible or practicable properly to guard this particular machine without rendering it useless for the purpose for which it is intended to be operated. The burden of showing these facts in the pleading rested on appellee, and the fact, if it is a fact, that the

machine or appliance in question is of such a character that it can not be properly guarded can not be said to be a matter of defense to be proved by appellant; for, as previously said, a party who relies upon a statute must bring himself fully and clearly within all its provisions." (Page 303.)

The judgment is affirmed.