## THE BREWER & HOFMANN BREWING COMPANY

*v.*

## GEORGE HERMANN.

*Opinion filed October 19, 1900.*

APPEALS AND ERRORS—*when objection that jury was not sworn comes too late.* An objection that among the jurors who signed and returned the verdict were certain names not contained in the panel as sworn, should be raised in the trial court and cannot be first raised on appeal.

*Brewer & Hofmann Brewing Co.* v. *Hermann,* 88 Ill. App. 285, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

EDWARD MAHER, and ROBERT F. KOLB, for appellant.

RUNYAN & RUNYAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county in favor of appellee, against appellant, upon two promissory notes, reading as follows:

"$2000.               CHICAGO, ILL., *August 28, 1896.*

"Sixty days (60) after date we promise to pay to the order of George Hermann $2000, at 43 So. Green, value received, with interest at six per cent per annum.

BREWER & HOFMANN BREWING CO.

H. C. McDONALD, *Secretary.*"

"$1850.               CHICAGO, ILL., *September 23, 1896.*

"Thirty days (30) after date we promise to pay to the order of Geo. Hermann $1850, at 43 So. Green, value received, with interest at the rate of six per cent per annum.

BREWER & HOFMANN BREWING CO.

H. C. McDONALD, *Secretary.*"

The declaration contained two special counts (one on each note) and the common counts. The defendant ob-

jected on the trial to the admission of the notes in evidence because of a variance between them and the notes as described in the special counts, and excepted to the decision of the court overruling the objection. It is not material to consider whether there was a variance or not, inasmuch as it was proved that the notes in question were given to the plaintiff by the appellant for money borrowed of him, and they were admissible under the common counts.

The next point made is, that the jurors were not sworn to try the case,—that is, that among the jurors who signed and returned the verdict were certain names not contained in the panel as sworn. There may be some difference between some of the christian names as signed to the verdict and those as written in the clerk's record, arising, doubtless, from the use of initials and middle names; but as the question attempted to be raised here was not preserved by the bill of exceptions, the record as written up by the clerk is conclusive. Besides, the question cannot be raised here for the first time. If there was anything in it worthy of notice it should have been called to the attention of the court below, which was not done.

We are unable to see that appellant had, or has, any defense whatever to the collection of these notes, and are of the opinion that this appeal was taken and prosecuted for delay.

The judgment will be affirmed, and in addition a judgment for damages under the statute will be entered in this court against appellant and in favor of appellee, as prayed by him, for $200, which is less than six per cent of the judgment appealed from, and also for costs.

*Judgment affirmed.*