## Illinois Steel Company v. Henry Hanson.

1. PLEADINGS—*When Defects are Cured by the Verdict.*—When a declaration shows a cause of action, if defective in minor details, it will be sufficient after the verdict to sustain the judgment.

2. PRACTICE—*Motions to Strike Out Answers.*—A motion to strike out an answer to a question as not responsive is properly denied where a part of the answer is responsive and the objection is general.

3. INSTRUCTIONS—*Properly Refused When Covered by Other Instructions in the Case.*—An instruction is properly refused where it is fully covered by other instructions in the case given at the request of the same party.

4. SAME—*When Not Erroneous for Assuming Facts.*—An instruction is not erroneous for the reason that it assumes the existence of facts in dispute, where it does not purport to be based upon the facts of the case but only by general terms embodies simply a proposition of law.

5. APPELLATE COURT PRACTICE—*Questions Which Can Not Be Raised for the First Time on Appeal.*—The contention that the verdict was not rendered by the jurors impaneled and sworn to try the case, not having been raised in the court below, can not be raised for the first time on appeal.

6. DAMAGES—*Where $5,000 is Not Excessive.*—An employe in a steel mill was injured in assisting to handle some steel rails. It appeared from the evidence that his leg was not only broken but extensively crushed, with both bones involved, rendering it a half inch shorter than the other, and his foot not in line with it, but turning outward. The leg is weak, rendering him lame, the condition being permanent; he had to use crutches for about a year after his injury, and the muscles of the leg, both front and back, gave him pain. The evidence was not controverted and in the opinion of the court justified a judgment for the sum of five thousand dollars.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Mr. Justice ADAMS dissenting. Opinion filed October 10, 1901.

Statement by the Court.—Appellee, a servant of appellant, in its steel mill at South Chicago, had his right leg broken and crushed while in the performance of his duties on July 2, 1897, and brought this suit to recover for his injuries. A trial resulted in a verdict in his favor of $7,000, upon which, after a remittitur of $2,000, judgment was entered for the balance, from which this appeal is taken.

The declaration in substance alleges that plaintiff, the appellee here, was employed by the defendant, the appellant, to take care of certain tools, chains, etc.; that defendant, in the operation of its mill, from time to time had occasion to remove therefrom certain long, hot, imperfect steel rails, called cobbles, and pile the same outside the mill; that if said cobbles were cooled off with water the "expansion or contraction" would cause them to warp and press against the other cobbles in the pile, so that they were likely to jump and spring from their place when being moved, thereby exposing the person undertaking to move them to great danger; that it was defendant's duty and its custom to permit said cobbles to cool off without the aid of water; that the defendant negligently cooled off certain cobbles, so placed in a pile, with water; that it was plaintiff's duty to move and remove one of said cobbles so cooled with water, but not knowing that it had been so cooled with water, the defendant having negligently failed and neglected to warn the plaintiff it had been so cooled, he, in the discharge of his duty, undertook to move or remove one of said cobbles so cooled with water, and while so doing and in consequence of its being warped, as aforesaid, and because of defendant's failure to warn him it had been cooled with water, said cobble jumped and sprang a great distance from its place, struck plaintiff's right leg, and thereby caused the injury complained of. The plea was the general issue.

Among other instructions given for the plaintiff was the following, to wit:

" The court instructs the jury that where a master confers authority upon one of his employes to take charge and control of a certain class of workmen, in carrying on some particular branch of his business, such employe, in governing and directing the movements of the men under his charge, with respect to that branch of the business is the direct representative of the master, and is not a mere fellow-servant; and all the commands given by him within the scope of his authority are, in law, the commands of the master, and if he is guilty of a negligent and unskillful exercise of his power and authority over the men under his charge, it is in law the same as though the master itself was guilty of such conduct."

The court was asked by the defendant to give and it gave eleven instructions, but refused the following instruction asked by defendant, to wit:

" The jury are instructed that if they believe from the evidence that the plaintiff, had he used reasonable and ordinary care in view of all the circumstances and surroundings there, including the facts which were open and apparent to his observation, should have known before his injury that the cobbles at that place had been cooled by the use of water, and that they were likely to spring when freed from the other cobbles, as the cobble which injured him sprung, then he can not recover in this case, and the jury should find the defendant not guilty."

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court to instruct the jury in writing to find the defendant not guilty, but each of said motions was overruled.

KEMPER K. KNAPP, attorney for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

For appellant it is contended that the declaration does not state a cause of action, in that it fails to allege that to cool the cobbles with water would cause them to act differ-

ently than if cooled without water, and that it fails to allege facts from which it could be said that the defendant, in the exercise of ordinary and reasonable care ought to have apprehended that to cool the cobbles with water or to fail to warn the plaintiff thereof, would likely endanger the latter.

Without attempting to follow counsel through all the different subdivisions of his extended argument in this regard, it seems sufficient to say that the declaration, the substance of which is set out in the statement, shows a cause of action, and if it is defective in the respects claimed, it is sufficient, after verdict, to sustain the judgment.

Next it is said that the defendant was guilty of no negligence for four reasons: First, because the cobble which injured Hanson was not cooled by water; second, if it was cooled by water, that it was not done by the defendant's order; third, to cool cobbles by water does not cause them to warp any more than to cool them without water; and, fourth, that if a cobble cooled by water will warp more than one cooled without water, still there is no evidence of negligence in the case.

On the first three of these points it seems sufficient to say that we have carefully read and considered the evidence in the case, and are of opinion that it presents questions of fact for the jury; and a finding by the jury that the cobble in question was cooled by water, that the water was put upon the cobbles by the order of defendant's foreman, and that cobbles cooled by the aid of water will warp more than when cooled without the aid of water, can not be said to be clearly and manifestly against the evidence. This being true, we should not disturb the verdict for lack of proof in any of these three respects. The only remaining question on the matter of defendant's negligence, is with regard to the general claim that there is no evidence of negligence on the part of the defendant.

It appears from the evidence, though not without contradiction, that the usual and customary mode of procedure at appellant's steel mill with reference to the hot cobbles in

question, was to permit them to be cooled off by the air before anything was done with reference to their further use; also that when hot cobbles were cooled by the use of water, the effect was to make them spring or jump; that when they were cooled without the use of water, they would warp or spring a very little, but some of the witnesses say the warping ranged from six to twenty-four inches at the end of a steel rail of from thirty to forty feet in length. The evidence also shows, without contradiction, that the steel rail or cobble which caused appellee's injury, when released from the pile of cobbles where it lay, sprung or jumped to one side from five to eight feet. One witness says five to six feet, and the plaintiff says six to eight feet. The evidence by the witnesses familiar with the effect of the use of water in cooling the hot cobbles tends to show that so cooling them would cause them to spring or jump more or less, and that it was dangerous for a person to stand near a cobble which had been cooled by water when it was being moved from a pile of cobbles, because of its liability to spring or jump.

As stated above, a finding that the cobble in question was cooled by water by the order of defendant's foreman, must be taken as established. There is no evidence that the defendant notified the plaintiff that the cobble in question was cooled by water. In fact he says that he did not know it had been so cooled. From all these circumstances, we think a question of fact as to defendant's negligence in failing to warn the plaintiff that the cobble was cooled by water, was presented, and that it can not be said that a finding that defendant was negligent in this regard is not supported by the evidence.

In this connection it is argued that an accident like the one in question could not have reasonably been foreseen or apprehended by the defendant. This, we think, was a question for the jury, and that it can not be said, in view of the circumstances above stated, that different conclusions might not be reached by reasonable men.

It is also said that the plaintiff was guilty of contributory

negligence, and could not, therefore, recover, and in this respect it is said, and that truthfully, that plaintiff was an intelligent man and had had an experience of nearly twelve years at the kind of work in question. It is therefore argued that he knew all that any man could know with regard to the danger to which he was exposed. It appears from the evidence that when plaintiff was injured he was in the act of taking a chain from off the end of the cobble that injured him, that in so doing he stood astride the cobble, with his feet about eighteen inches apart, and that two other employes of appellant raised the cobble by means of a pinch bar, while plaintiff was proceeding to remove the chain. When the cobble had been sufficiently raised to free it from the others in the pile, it sprang to one side from five to eight feet, thus causing the injury.

As we have seen, plaintiff did not know that the cobble had been cooled by water; and the evidence tends to show that when a cobble is cooled by the air without the aid of water, it will spring or warp very little, none of the witnesses claiming that it would spring more than two feet; some say six inches and one says that they would not jump any. Under this evidence we think the jury were justified in finding that plaintiff was in the exercise of ordinary care. But in this regard it is said that it was not the plaintiff's duty to take the chain from the cobble; that he was a volunteer, and therefore can not complain. Plaintiff testifies that it was his duty to take the chains from the cobbles, that he tried to take the chains off and that the two employes of appellant, Nelson and Colliander, whose duty it was to work with the cobbles, "put the piece of bar under and lifted the cobble up so I could take the chain off." It is true that Nelson testifies on cross-examination that he and the others of his gang were going to use the chain on the other cobbles in breaking them, and that he did not ask the plaintiff to take the chain off. This may have been entirely true and plaintiff not have known it. There is no evidence that plaintiff knew that Nelson and the other men were going to make any use of this chain, and the plaintiff

says it was his duty to look after all the chains, take charge of the tools for the sailor gang, to which Nelson belonged, and to take them from the outside of the mill to the inside to have them handy for the sailor gang. No doubt plaintiff was proceeding, as he believed, in the discharge of his duty. It was for the jury to say from the evidence whether he was about his duty or not, and we think the verdict in this regard is justified by the evidence.

Error is claimed in the admission of evidence on plaintiff's behalf that at the time he was injured he was going to get a chain from off the cobbles, and that it was his duty so to do. We think, in view of the allegations of the declaration, the substance of which is given in the statement, this evidence was proper and competent. In this connection the plaintiff was asked the following question: "Where did you use to get these chains?" to which, under objection of defendant's counsel, he made this answer, viz.: "The chains were on the cobbles. It was my duty to take off those chains to get them inside of the mill." A motion was made to strike out the answer, but it was denied, and we think properly. The question was not objectionable, nor the first sentence of the answer. The second sentence of the answer, it is true, is not responsive to the question, but no such objection is shown by the abstract to have been made to it, and we therefore think it was not error to overrule the motion to strike out the whole answer. It is said that the second sentence of the answer is improper because, it is claimed, when the witness says it was his duty to take off the chains, etc., that is a statement of a conclusion. No such claim was made when the evidence was offered, so far as appears from the record, and can not now avail appellant. Moreover, the witness had previously stated, without objection, that his work was, among other things, to look after all the chains and bring all the tools from outside the mill to the inside, so that they would be handy for the sailor gang. This we think in substance covers the statement that it was his duty to take off those chains to get them inside the mill.

Objection is also made that the plaintiff was allowed to introduce evidence to the effect that more frequently than otherwise cobbles were permitted to cool without the aid of water, as well as the opinion of several witnesses that cobbles cooled with water would warp, while those cooled without water would not warp so much. We think this evidence was competent as bearing both upon the care of plaintiff and negligence of defendant.

The defendant's instruction, quoted in the statement, which was refused, was, in our opinion, properly refused; if for no other reason, because it is fully covered by instruction 10 given for defendant, and the latter instruction, together with instructions 6, 7 and 9, given on behalf of defendant, fully instruct the jury upon the question of plaintiff's care.

The instruction given for plaintiff and quoted in the statement is not, in our opinion, erroneous for the reason claimed by appellant, viz., that it assumes the existence of facts which are in dispute. The instruction does not purport to be upon the facts of the case, but by general terms used, embodies simply a proposition of law which is clearly sustained by the rulings of the Supreme Court in Fraser v. Schroeder, 163 Ill. 459–64, and cases cited.

The contention of appellant that the verdict in the case was not rendered by the jurors who were impaneled and sworn in the case, can not now be urged for the first time on this appeal. No such objection appears to have been made in the court below, and it now comes too late. Brewer, etc., Co. v. Hermann, 187 Ill. 40; Goldstein v. Smith, 85 Ill. App. 588.

It is also claimed that the verdict is excessive, but we can not yield our assent to this claim. It appears from the evidence that plaintiff's leg was not only broken but crushed extensively; that both bones are involved, that the leg is half an inch shorter than the other, and that his foot is not in line with the leg—turns outward; that the leg is weak, that plaintiff is lame, and the condition is permanent; also that plaintiff had to use crutches about a year

after his injury, at the time of the trial used a cane, and that the muscles of his leg, both back and front, gave him pain. This evidence is not controverted, and we think justifies the amount of the judgment rendered, and it is affirmed.

Mr. Justice ADAMS dissents.