THE ILLINOIS STEEL COMPANY

*v.*

·HENRY HANSON.

*Opinion filed February 21, 1902.*

</div>

1. PLEADING—*objection that allegations are defective is waived by plea of general issue.* An objection that the allegations of a declaration are defective is waived by the filing of a plea of the general issue.

2. INSTRUCTIONS—*it is not error to refuse an instruction fully covered by others given.* The refusal of an instruction is not erroneous where the subject matter thereof is fully covered by others given.

*Illinois Steel Co.* v. *Hanson,* 97 Ill. App. 469, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

KEMPER K. KNAPP, for appellant.

JAMES C. MCSHANE, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case, begun by Henry Hanson in the superior court of Cook county to recover damages for an injury to his leg, occasioned by the negligence of the appellant company, by whom he was employed. The declaration, in substance, alleged that plaintiff was employed by the defendant to take care of certain tools, chains, ropes, etc., used in defendant's steel mill; that defendant, in the operation of its mill, from time to time had occasion to remove therefrom certain defective steel rails, called "cobbles," and pile the same outside the mill; that "if the said hot cobbles were cooled off with water, the expansion or contraction would cause them to warp and press against the other cobbles alongside in the pile, with such great pressure that they were likely to jump

and spring from their place when being moved," thereby exposing to great danger the person undertaking to move them, and that as a result, and in consequence thereof, it was the defendant's duty, and its custom, to permit said cobbles to cool off without the aid of water; that the defendant negligently cooled off with water certain cobbles so placed in a pile, thereby causing them to warp; that it was the plaintiff's duty to remove one of said cobbles, but not knowing it had been so cooled with water, and the defendant having negligently failed and neglected to warn the plaintiff that it had been so cooled, he, while moving the cobble, and in consequence of its being warped, as aforesaid, and because of defendant's failure to warn him that it had been cooled with water, received the injury, etc. The plea was the general issue. The trial resulted in a verdict of $7000 in favor of plaintiff. Of this amount $2000 was remitted and a judgment entered for $5000. Upon appeal to the Appellate Court for the First District that judgment was affirmed, and the cause is brought here upon further appeal.

The first contention of appellant is, that the declaration states no cause of action, for the reason that it fails to allege that a cobble which cooled naturally, without the aid of water, would not spring in the same way as one cooled by the aid of water. From an examination of the declaration we are of the opinion that, since the verdict, it is good as against a motion in arrest of judgment or on error. (*Gerke* v. *Fancher*, 158 Ill. 375, and cases cited.) The defendant having filed a plea thereto, can not now question its sufficiency upon the mere ground that its allegations are defective. *Chicago and Northwestern Railway Co.* v. *Goebel*, 119 Ill. 521; *Wenona Coal Co.* v. *Holmquist*, 152 id. 581.

It is also contended that the court erred in permitting the plaintiff to introduce evidence that at the time of his injury he was going to remove a chain from the end of the cobble when he received the injury, and that it

was his duty to thus handle the chain. The declaration states that he was employed "to take care of certain tools, chains," etc. The evidence objected to tended to prove that he was in the performance of that duty.

It is objected, also, that the court erred in refusing to give an instruction to the effect that if the jury believed, from the evidence, that the plaintiff, had he used ordinary and reasonable care in view of all the circumstances and surroundings, including the facts which were open and apparent to his observation, should have known, before his injury, that the cobbles at that place had been cooled by the use of water and that they were likely to spring when freed from the other cobbles, then he could not recover. The instruction was properly refused, because it was fully covered by other instructions given.

The objection that another instruction erroneously assumed the existence of facts which were in dispute is without merit. The instruction referred to is not fairly susceptible of that construction, but if it were, it would not, in view of all the evidence and instructions, amount to reversible error.

Nor is there any merit in the objection that the verdict in this case was not rendered by the same jurors who were empaneled and sworn to try the cause. A mere clerical error was made by the clerk in making the record for the Appellate Court, by writing the name "O'Connell" instead of "O'Donnell." But the error has been corrected by an amended record.

Other questions attempted to be raised upon this appeal present only questions of fact which have been settled adversely to appellant by the judgment below.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*