### Quincy Horse Railway & Carrying Company v. William Rankin.

1. INSTRUCTION—*court may give, telling jury to disregard particular count.* It is proper for the court to instruct the jury to disregard a particular count of the declaration where there is no evidence in the record which tends to prove its allegations.

2. INSTRUCTIONS—*when action of court in refusing to give, cannot be complained of.* The action of the court in refusing to give an instruction telling the jury to disregard a particular count of the declaration upon the ground that it was not sustained by any evidence, cannot be complained of where the complaining party has caused the court to give instructions which directed the attention of the jury to the negligence charged in the declaration, or in some count thereof.

3. VERDICT—*when set aside.* A verdict will be set aside on appeal where it is clearly against the weight of the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Adams County; the Hon. ALBERT AKERS, Judge, presiding.

Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed November 24, 1905.

Govert, Pape & Govert and Joseph N. Carter, for appellant.

Joseph A. Roy and Wilson & Wall, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the Circuit Court of Adams County for $4,000 for a personal injury sustained through the alleged negligence of appellant. The first count of the declaration avers negligence on the part of appellant in suddenly starting its street car, while appellee was attempting to alight therefrom at the corner of Fifth and Spruce streets in the city of Quincy, whereby he was thrown over and upon another track of appellant parallel to the track upon which the car was from which he was thrown, so that the wheels of a car upon such other track ran over his foot, a portion of which was necessarily amputated. The second count alleges negligence of appellant in substantially the same form as the first. The third count alleges negligence of appellant's conductor of the north-bound car, from which appellee was attempting to alight, in failing to notify and warn appellee that a south-bound car of appellant was coming on such other parallel track, so that appellee in leaving said north-bound car would not step upon said other track and get injured by the south-bound car, whereby appellee being unaware of the approach of said south-bound car, stepped in front of said car and was injured. There is no evidence in the record justifying a recovery under the third count of the declaration, and we do not understand that appellee makes any claim in that respect.

The errors assigned and insisted upon for a reversal of the judgment are, that the peremptory instructions offered at the close of appellee's evidence, and again at the close of all the evidence were improperly refused; that the court erred in giving instructions asked by appellee and in refus-

ing an instruction asked by appellant; and that the verdict is against the manifest weight of the evidence.

The evidence in the case is inextricably conflicting, and no good purpose would be subserved by setting it out in detail. Appellee's version of the matter is substantially, that on November 4, 1903, he was a passenger on appellant's north-bound street car on Fifth street; that he notified the conductor that he desired to get off at Cedar street; that when the car approached Cedar street he left his seat and went to the platform; that the car did not stop at Cedar street, and he then notified the conductor to stop at Spruce street; that when the car stopped at the north side of Spruce street he stepped upon the step with his back to the east, his right hand holding the rail on the body of the car and his left hand holding the rail on the dash of the car; that as he stepped off with his right foot and released his hold with his right hand, and while he still had his left hand on the dash rail, the car started forward with a sudden jerk, "jumped from under him," as he expresses it, and he was spun around several times, his right foot acting as a pivot, and fell to the pavement striking his head, next to the east rail of the north-bound track, and was thereby rendered unconscious; that he did not regain consciousness until after his injury, and was unable further to describe the manner of his fall or his position on appellant's tracks, when the car ran over his foot.

The witness, Frederick Waters, called on behalf of appellee, corroborates appellee as to the latter's position on the platform of the car, and as to the sudden starting of the car, and the manner in which appellee spun around when he alighted, and further testifies that when appellee fell, his feet were on the east rail of the south-bound track; that the south-bound car was then fifty feet north of appellee, and that he saw the wheels of the car run over appellee's foot. There are inherent evidences in the testimony of the witness, Waters, as it appears in the record, which make it very doubtful whether he was even present on the occasion of the accident. In contradiction of every

other witness in the case, he fixes the place of the accident on Fifth street, midway between Cedar and Spruce streets. He further testifies that he was personally well acquainted with appellee, knew him familiarly as "Bill," and was a frequent visitor at his house; that on the occasion in question, he was walking with a comrade north on Fifth street toward the Soldiers' Home, of which institution both were inmates; that he did not recollect the name of his comrade, but thought it was Crawford; that Crawford was not then at the house, and he did not know his whereabouts; that he saw appellee get up after the accident and walk to the sidewalk and sit down; that he did not then go to appellee to render him any assistance, or make any inquiry as to whether appellee was injured, or as to the extent of such injury; that he visited at appellee's house on ten or fifteen different occasions during the year following the accident, but upon no occasion was appellee's injury, or the manner in which it was received, a subject of conversation; that he did not tell appellee or any member of appellee's family that he was present and saw appellee when he received the injury. The conduct of the witness Waters at the time and subsequent to a severe injury received by a familiar friend, and which he claims to have witnessed, is so at variance with that of an ordinary person, under like circumstances, as to render his testimony almost incredible. Furthermore, the testimony of the witness on direct and cross-examination, when subjected to analysis, leaves little doubt but that it is a recital of fiction rather than of fact.

Appellant had two street car tracks on Fifth street, north-bound cars being operated on the east track and south-bound cars on the west track. The distance between the rails on either track was five feet, the distance between the west rail of the east track and east rail of the west track was four feet, and the step on the platform of the car, on which appellee was a passenger, projected eleven inches beyond the east rail of the east track. If appellee received his injury in the manner claimed by him, the sudden forward jerk of the car must necessarily have thrown

him southward and then westward, at right angles with the northward movement of the car, a distance of ten feet, and if, as appellee testifies, his head struck. the pavement next to the east rail of the east track, he must, in some way, have gotten his foot on the east rail of thé west track, a distance of nine feet from the place where his head struck the pavement. While it was not competent to show by the evidence of so-called experts how the ʼsudden forward jerk of a car would affect a person situated as appellee was, while attempting to alight, it must, we think, be evident that the effect would be to throw a person at right angles eastward rather than westward from a car moving north.

The testimony of appellee and of the witness Waters tended to prove the allegations of the first and second counts of the declaration, and the court did not err in refusing the peremptory instructions tendered by appellant.

The evidence on behalf of appellant tended to show that appellee alighted from the car at the northeast corner of Fifth and Spruce streets in safety; that appellant's southbound car was then seventy-five feet north of the crossing, and that appellee, while going west, fell in such manner that the rear wheel of the south-bound car ran over his foot.

It is urged by appellant that substantially all the instructions given on behalf of appellee are improper. In the abstract, the instructions state the law with substantial accuracy, and yet they are not entirely free from criticism. It is clear that the ingenuity of counsel was invoked to frame the instructions on authorized lines as favorably as possible for appellee. The result in this case is, that the instructions are somewhat argumentative in form and indicate a purpose to magnify the effect of evidence on behalf of appellee and minimize that on behalf of appellant.

Appellant asked the court to instruct the jury that there was no evidence in the case upon which to predicate a verdict against it under the third count of the declaration, and to find it not guilty as to that count, which instruction was refused. Where there is evidence tending to prove the al-

legations of any one or more counts in a declaration, it has been held that it is not reversible error to refuse an instruction denying a right of recovery under certain other counts of the declaration which are not supported by the evidence (Chicago City Ry. Co. v. Carroll, 206 Ill. 318; C., W. & V. Coal Co. v. Moran, 210 Ill. 9), but we know of no case in which the giving of such instruction has been held to be improper. Whether there is any evidence in the record tending to prove a cause of action is a question of law, and we are of opinion that a trial court may very properly instruct a jury to disregard a count or counts in a declaration, where there is no evidence in the record to support a recovery thereunder. The giving of such an instruction narrows and simplifies the issues involved, and directs and confines the jury to a consideration and application of the evidence in the record to the count or counts of the declaration to which it is properly applicable. Appellant, however, is not in a position to complain of the action of the court in refusing to give the instructions referred to, because at its request the court gave two instructions directing the attention of the jury to the negligence alleged in the declaration, or in some count thereof.

The contention of appellant as to the manner in which appellee received the injury complained of, is supported by a clear preponderance of the evidence in the case, and we are, therefore, constrained to hold that the verdict of the jury is against the manifest weight of the evidence. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*