## William O'Rourke, Appellee, v. Elliott W. Sproul, Appellant.

### Gen. No. 14,490.

1. PLEADING—*when declaration sufficiently avers that plaintiff was rightfully upon the premises upon which he was injured.* Held, that after verdict the declaration in this case sufficiently averred that the plaintiff was rightfully upon the premises in question at the time of his injury.

2. PLEADING—*when declaration sufficient after verdict.* After verdict the rule is where there is a defect or omission in the pleading in form or substance which would have been fatal on demurrer, yet if the issue joined is such as necessarily requires proof of the facts defectively stated, or omitted, without which it cannot be presumed that the judge would direct or the jury would give a verdict, such defect, imperfection or omission is cured by the verdict.

3. PLEADING—*how declaration aided after verdict.* Instructions may strengthen the intendments of the declaration after verdict where they do not exclude the presumptions which ordinarily would obtain.

4. PERSONAL INJURIES—*when duty to exercise care with respect to persons rightfully upon premises arises.* If it is alleged that a person at the time of his injury was rightfully upon the premises in question, the duty of the person or persons in possession of such premises to exercise ordinary care with respect to him arises if it

is alleged and shown that such person and his servants knew or might have known by the exercise of ordinary care that such person was upon such premises. It is not necessary that it be alleged and shown that such person knew or had reason to apprehend that the injury in question might result from his negligence.

5. INSTRUCTIONS—*when cannot be complained of.* One party cannot complain of the giving of an instruction at the instance of his adversary where he himself has asked for a substantially similar instruction.

6. INSTRUCTIONS—*when fact may be assumed.* If there is no controversy in the evidence with respect to a particular fact the court may in its instructions assume the existence of such fact.

7. EVIDENCE—*when opinion evidence properly excluded.* Opinion evidence is properly excluded where the witness has not been qualified as an expert with respect to the matter as to which his opinion is asked.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 26, 1909.

**Statement by the Court.** This action was brought in the Superior Court to recover damages for personal injuries alleged to have been suffered by the plaintiff, appellee, by reason of the negligence of the defendant, appellant. The jury rendered a verdict for the plaintiff for $5,800. The court overruled a motion for a new trial, and entered judgment on the verdict. This appeal is prosecuted to reverse the judgment.

The record discloses little controversy as to the facts. The evidence tends to show that during the early part of the year 1906 the South Side Elevated Railroad Company was constructing a power-house on State street near Thirty-ninth street in the city of Chicago. Appellant Sproul had the contract for the mason work. The Hamler Boiler & Tank Company was employed by the railroad company to install in the building some ash-hoppers. Appellee O'Rourke was a boiler maker employed by the tank company in this work. While thus employed in one of these ash-hoppers on January 8, 1906, appellee was injured. At

this time appellant's workmen were employed in taking down a scaffold which had been used in connection with the mason work of the building. The hopper in which appellee was working was suspended from I-beams of the first floor of the building, the top of the hopper being riveted to the I-beams. The top of the hopper was about ten feet by twelve feet in dimension. The east side of the hopper was about eighteen feet from the east wall of the building. The top of the hopper in which appellee and others were working was partially covered by four or five planks, running north and south, with open spaces between the planks about ten inches in width. These open spaces were left for the purpose of admitting light to the hopper to enable the workmen in the hopper to perform their work.

On this day, and for two or three days prior thereto, a railroad tie about eight feet long had been lying over the hopper in a northeast and southwest direction. The tie rested partly upon the two easterly planks above mentioned, its end extending about eight inches over the edge of the second plank from the east. About one-half of the tie rested on the flooring east of the hopper and the other half on the planks over the hopper.

The scaffold which was being taken down was located on the first floor of the building and against the east wall. The running boards of the scaffold were supported by upright planks about sixteen feet long, ten or twelve inches wide, and two inches thick, and cross-pieces of the same material eight or ten feet long. One of these upright pieces with a cross-piece nailed to it was pushed over, or allowed to fall over, by the men who were taking down the scaffold, and it struck the end of the tie in such a manner as to cause it to fall into the hopper, crushing appellee's hand.

The evidence tends to show that appellant's men had been warned frequently to be careful in their

work, and that they knew men were working in the hopper.

O'DONNELL, DILLON & TOOLEN and REYNOLDS & PURKHISER, for appellant.

PRINGLE, NORTHUP & TERWILLIGER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The first ground urged for a reversal of the judgment is that the declaration does not, nor does any count thereof, state a cause of action. The consideration of this question requires us to examine the declaration. The first count is as follows:

"For that whereas, heretofore, to-wit, on the 8th day of March, A. D. 1906, the defendant, in the city of Chicago, county of Cook and state of Illinois, was engaged in the construction of, and was assisting as a contractor and otherwise in the construction of a certain building, to-wit, a power house for the South Side Elevated Railroad Company and was employing certain servants then and there in said work and had charge of and was using in said work on the interior of said building certain servants then and there in said work, and had charge of and was using in said work on the interior of said building certain scaffolding made of planks and boards, and whereas the plaintiff was then and there employed (but not by the defendant) in and about a certain ash hopper therein, which fact was then and there well known to the defendant and his said servants or might have been known to them by the exercise of ordinary care on their part, it became and was the duty of the defendant by his servants in that behalf then and there to use ordinary and reasonable care in and about the work of the defendant, so as not to injure the plaintiff and so as to not expose him to unreasonable danger; yet the defendant, not regarding his duty in

that behalf, by his said servants then and there negligently knocked, pushed and pulled down a part of said scaffold and the planks and boards thereof, and suffered the same to fall with great force down to and upon a certain timber then and there, whereby said timber was then and there caused to fall with great force and violence upon and against the plaintiff who was then and there and at all times herein mentioned in the exercise of due care for his own safety, in consequence thereof plaintiff's right hand was then and there crushed and shattered, by said timber, so that a part of said hand had to be, and was amputated, and so that plaintiff then and there became and was sick, sore, lame, disordered and permanently injured, during all of which time, to-wit, from thence hitherto he suffered great pain.

"Plaintiff avers also that by reason of his said injuries he was then and there obliged to expend and become liable for divers large sums of money in endeavoring to be cured and healed of his hurts and wounds occasioned as aforesaid, and that by reason of said injuries he has been hindered and prevented from attending to his ordinary affairs and business, during all the time from thence hitherto, and has been hindered during all the time from thence hitherto from engaging in his usual occupation, to-wit, that of a boilermaker's helper, and has thereby been prevented from earning divers large sums of money as wages, to-wit, Five ($5) dollars per day, and that by reason of said injuries he will be prevented from engaging in said occupation during the rest of his life."

The second count differs from the first in alleging a failure to use certain safety appliances in lowering the scafford as the specific negligence relied on.

The third count differs from the first in alleging a failure to warn appellee before throwing down the scaffold, and that the timber was in a position above the plaintiff.

As no demurrer was filed to the declaration or

any count thereof, the precise question presented on the declaration is whether, after verdict, the declaration or each count thereof is sufficient to support the judgment.

The specific contention here made by appellant is that the following facts appear from each count of the declaration: (1) that the accident which resulted in the injury to the plaintiff took place on private property; (2) that no special relationship from which the law implies special duties existed as between the plaintiff and defendant; and (3) no claim is made that the injury was wantonly or wilfully inflicted. These facts being conceded, it is contended that it was incumbent on appellee, in order to make out a cause of action, to allege facts from which the law will imply the duty of appellant to take reasonable or ordinary care to avoid injuring appellee; and (2) facts from which it would appear that there was a breach of that duty by appellant or his servants. And it is claimed that no count in the declaration complies with either of these requirements. To sustain this claim it is urged that the averment that "the plaintiff was then and there employed (but not by the defendant) in and about a certain ash-hopper therein" is not a sufficient averment of the right of plaintiff to be upon the premises by the invitation, expressed or implied, of the owner, for it is necessary to supply the words "by the owner or by some one authorized by the owner to employ him", or their equivalent.

In considering the sufficiency of this averment of the several counts of the declaration it must be borne in mind that the declaration shows that appellant was not the owner of the premises on which the injury is alleged to have occurred, but he was there as a contractor doing certain work in the construction of the power house. And it should also be noted that according to the averments of each count the negligence averred is not mere passive negligence or omission of duty such as failure to keep premises or machinery

in repair or permitting pitfalls on the premises. On the contrary the declaration avers affirmative acts of negligence, wrongful acts committed, which produced the injury. The reasoning, therefore, of the cases, such as Gibson v. Leonard, 143 Ill. 182, which define the duties of owners of premises to trespassers or mere licensees and require no duty of the owner to the licensee "except the duty to refrain from affirmative or wilful acts that work an injury", has no application here. We think the averment is a sufficient allegation that plaintiff was there rightfully, to support a judgment, after verdict.

The several counts aver that the defendant and his servants knew or might have known, by the exercise of ordinary care, that the plaintiff was at work in the hopper. From this fact the duty of the defendant arose to protect the plaintiff from the injury of which he complains. In this essential respect the declaration and each count thereof differs from that under consideration in McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232, and the declaration in Mackey v. Northern Milling Co., 210 id. 115, cited by appellant. In the McAndrews case *supra*, at page 238, it is said: "It does not appear from the averments of the original declaration that the defendant knew, or was bound to know, that the plaintiff was on said car or in its vicinity, or that he was likely to be injured by the car upon which he was at work being moved by the cars being handled by the servants of the defendant. The original declaration therefore fails to show that the defendant owed the plaintiff any duty not to throw the cars being moved by its engine against the car upon which he was at work, without giving the plaintiff timely warning. The declaration, therefore, in that regard was fatally defective." It is obvious, we think, that the declaration in the above cited cases were considered insufficient for lack of an averment that the defendant knew of the presence of the plaintiff where he was alleged to be, and that if the declarations had

contained such allegations, they would have been sufficient.

It is further urged that there is no averment in any count that suggests or implies that the defendant knew or ought to have known that the timber was in such a position as to be liable to be struck by the falling scaffold, or that the surroundings of the timber, and the position of the plaintiff were such as to render it probable that the timber, if struck by the scaffold, might be caused to fall upon and injure the plaintiff.

We know of no well considered authority which holds that when the plaintiff in his declaration has averred facts showing the existence of a duty to the defendant, the failure to perform that duty, and a resulting injury, he must go further and also allege that the defendant knew or had reason to apprehend that the injury might result from his negligence, otherwise the declaration will not sustain a judgment.

In Illinois Steel Co. v. Hanson, 97 Ill. App. 469, it was contended that the declaration did not state a cause of action in that it failed to allege that to cool the cobbles with water would cause them to act differently than if cooled without water, and "that it fails to allege facts from which it could be said that the defendant, in the exercise of ordinary and reasonable care ought to have apprehended that to cool cobbles with water or to fail to warn the plaintiff thereof would likely endanger the latter." The court held the declaration sufficient, after verdict, to sustain the judgment. On appeal the ruling was sustained and it was also said: "The defendant having filed a plea thereto, cannot now question its sufficiency upon the mere ground that its allegations are defective." Illinois Steel Co. v. Hanson, 195 Ill. 106.

In City of Elgin v. Thompson, 98 Ill. App. 358, the declaration did not in express terms aver that the roller was calculated to frighten horses or did frighten the horse drawing plaintiff, nor that the city should

have known or did know it was calculated to frighten horses in time so it could have removed it before the injury. The declaration was not questioned by demurrer. It was held: "After verdict the rule is, where there is a defect or omission in a pleading, in form or substance, which would have been fatal on demurrer, yet if the issue joined is such as necessarily requires proof of the facts defectively stated, or omitted, without which it cannot be presumed that the judge would direct or the jury would give a verdict, such defect, imperfection or omission is cured by the verdict. (Twin City Gas Works v. The People, 156 Ill. 387; Gribben v. Callaghan, 156 Ill. 549.)" See also C. & E. I. R. R. Co. v. Hines, 132 Ill. 161; Glue Company v. Wietzychowski, 227 *id*. 338; Postal Tel. Co. v. Likes, 225 *id*. 249; Grace & Hyde v. Sanborn, 124 Ill. App. 472.

We are of the opinion that all the counts in the declaration are sufficient after verdict to support the judgment. C. C. Ry. Co. v. Jennings, 157 Ill. 274.

In our opinion the trial court did not err in refusing to give the peremptory instruction asked by appellant at the close of all the evidence. The evidence supports the declaration and warrants the verdict of the jury.

Error is assigned upon the ruling of the court in giving to the jury, at the request of the plaintiff, the seventh, eighth, ninth and tenth instructions. These instructions are as follows:

"7. The court instructs you that the law does not require the plaintiff to prove all the counts of his declaration. It is sufficient if you believe from all the evidence in the case, that he has established his case as alleged in any one of them by a preponderance of all the evidence.

"8. The jury are instructed that if it is established by a preponderance of the evidence, taking into consideration the facts and circumstances proven in this case, and also all reasonable inferences to be deduced therefrom, that the plaintiff at and before the time of

the injury in question was in the exercise of reasonable care for his own safety, and that the defendant in this case, or his agents, or servants, acting within the scope of their employment, were guilty of negligence, as alleged in the plaintiff's declaration, or some count thereof, and that the plaintiff was injured, as alleged in the declaration, as the proximate result of the said negligence, if any, of the defendant, his agents, or servants, then you should find in favor of the plaintiff.

"9.   The jury are instructed that negligence is the omission to do something which an ordinarily reasonable person, guided by those considerations which ordinarily regulate human affairs, would do, or the doing of something which an ordinarily prudent and reasonable man, under the circumstances, would not do; and you are further instructed that if you believe from the evidence that the plaintiff was injured because of the negligence of the defendant, his agents, or servants, as charged in the declaration, or some count thereof; while the plaintiff was in the exercise of due care and caution for his own safety, then the plaintiff is entitled to a verdict.

"10.   The jury are instructed that it was the duty of the defendant, his agents, or servants, to exercise due care and caution as to the safety of the plaintiff and other persons rightfully working in and about the premises, and if you believe from the evidence that the defendant, through his agents, or servants omitted to do something which an ordinarily reasonable person, guided by those considerations which ordinarily regulate human affairs, would do, or did something which an ordinarily prudent and reasonable person, under the circumstances shown in evidence, would not do, as charged in the decaration, or some count thereof; and if you further believe that, on account of some failure or omission, if any, on the part of the defendant, his agents, or servants, the plaintiff was injured while exercising due care and caution for his own safety, then you must find for the plaintiff.''

The first objection to these instructions is based on the proposition that the first count of the declaration

does not state a cause of action. This point is disposed of by what we have said above.

The second objection is that they do not give the defendant the benefit of the defense of assumption of a known risk. We do not understand that there is any such question in the case.

· With reference to the errors assigned upon the instructions given, it has been repeatedly held that one party cannot complain of the giving of an instruction at the instance of his adversary where he himself has asked for a substantially similar instruction. W. C. St. R. R. Co. v. Buckley, 200 Ill. 260; Consolidated Coal Co. v. Haenni, 146 *id.* 614; Quincy Horse Ry. Co. v. Rankin, 123 Ill. App. 472; Marquette Coal Co. v. Dielie, 208 Ill. 123; Chicago & Alton R. R. Co. v. Harrington, 192 *id.* 9. At the instance of appellant, instruction No. 26 was given by the court. This instruction contains the same subject-matter as instruction No. 7 quoted above, and contains the same defect now urged against the seventh instruction. Instructions numbered twenty-three and twenty-four, requested by defendant, informed the jury that the defendant owed the plaintiff the duty of exercising ordinary and reasonable care to avoid injuring him. Under the practice and the authorities cited above, appellant is precluded from urging upon this court that the declaration does not allege facts showing that duty, or that the instructions given at the request of plaintiff stated that such was the defendant's duty.

Instructions may strengthen the intendments of the declaration after verdict, where they do not exclude the presumptions which ordinarily would obtain. In Cribben v. Callaghan, *supra*, the court say: "The ordinary presumptions which obtain after verdict, and by operation of which a defective statement of a good cause of action is said to be cured, may sometimes be excluded by the character of the instructions given. The converse of this must also be true, namely, that such presumptions will be indulged in where the in-

structions favor them, and do not exclude them." The jury in this case were told to consider the instructions as one connected series, each to be read and understood in the light of the others. The sixteenth instruction required the plaintiff to prove that he was lawfully at or near the place where the scaffold was being taken down, etc., and the jury must have so found. This instruction, together with defendant's instructions twenty-three and twenty-four, would aid the declaration if it needed aid in this particular.

What we have said above disposes of one objection made to the tenth instruction, namely, that it assumes that the plaintiff was rightfully on the premises. It might be said further on that point, that there is no controversy in the evidence as to that fact, and therefore, the court might assume it as a fact in its instructions.

It is further urged against the tenth instruction, that the last clause of it is not in any way limited by reference to the declaration, and it ignores the question whether the defendant owed the plaintiff any duty to take ordinary care to avoid injuring him. We think, however, that the instruction is not open to the construction placed upon it. The instruction is not well-framed, nor is it couched in accurate language, but we cannot think the instruction worked any injury to appellant in view of the evidence and the other instructions given.

Complaint is made of the rulings of the court on certain questions put to the witness Hesprich, by counsel for appellant. The record shows that this witness was a common laborer and had been engaged "for off and on" in taking down scaffolds during a period of two years. He had testified that he and a fellow-laborer by the name of Barra had used ropes in lowering all of the uprights, except the last two. He was then asked: "Q. Is there any other way of taking down the two last putlogs except the way you took them down?" He answered "No, sir". This answer was stricken out on motion of the plaintiff.

The ground of the objection to the question urged was that it called for the conclusion of the witness. The witness had not qualified as an expert upon that subject. Then, again, the question at issue was not whether or not they could be taken down in any other way. We do not think the court erred in sustaining an objection to the question, and striking out the answer.

The next question was, "Do you know how the last putlogs are always taken down in this kind of scaffolding?" The court sustained an objection as to the form of the question. The question simply called for the knowledge of the witness upon the subject, and his answer one way or the other would not tend to prove any other fact. But assuming that he had knowledge on the subject, it would not be of any importance to appellant unless it was followed by further inquiry, which was not done. The ruling therefore was harmless to appellant. The court properly struck out of the answer to the next question the conclusion of the witness, "that is the only way". The question called for a fact only—in what way they took down the last two putlogs in this case—not whether it was the only way.

We think the court properly sustained the objection to the question: "Are ropes ever used in taking down the two last putlogs?" The question was not material under the evidence. And for the same reason the court did not err in sustaining the objection to the question: "What would be the result, Mr. Hesprich, if you were to use ropes on the last two putlogs?"

We have considered all of the grounds relied upon by appellant for a reversal of the judgment, and we find no reversible error in the record. The judgment is affirmed.

*Affirmed.*