## Joseph Vogrin, Appellant, v. American Steel & Wire Company, Appellee.

## Gen. No. 5,658.

1. MASTER AND SERVANT—*count failing to charge performance of duty at time of accident defective.* Plaintiff alleged that he was in the employ of defendant as an oiler, that he was "then and there" required to and did, in the discharge of his duties, pass through and in and about defendant's mills, that it was defendant's duty to exercise ordinary care so as not to expose plaintiff to unnecessary danger, but that defendant so carelessly constructed and operated said mills that in consequence of such carelessness, plaintiff, while passing along one of said mills and across a runway, in the exercise of ordinary care for his own safety, was struck, etc. *Held*, that the declaration was fatally defective, since the words "then and there" refer to the time of employment generally, and the count fails to state, even defectively, that plaintiff was in the discharge of his duty on the runway at the particular time of his injury, or that defendant knew, or ought, or might have known, in the exercise of ordinary care, that plaintiff was on the runway in the performance of his duty at such time.

2. MASTER AND SERVANT—*discharge of duty at time of accident not presumed.* The fact that plaintiff was in defendant's employ raises no presumption that his employment required him to be in a place where he was injured, or that he was then in the discharge of his duty, as he might have gone there without permission or notice to defendant.

3. ACTION ON THE CASE—*what constitutes actionable negligence.* In case for personal injuries, it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect plaintiff from the injuries of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff, resulting from such failure.

4. ACTION ON THE CASE—*when declaration is not cured by verdict.* The absence of any one of the three elements which unitedly constitute actionable negligence in the declaration, renders the declaration insufficient to sustain a judgment, even after verdict or sufficient proof.

5. PLEADING—*charging duty, conclusion of law.* The averment that it was defendant's duty to exercise care in operating a runway, or doing certain things, states only a conclusion, and the pleader must state facts from which the law will raise a duty and show an omission of such duty and a resulting injury.

6. LIMITATIONS—*amended count, stating new cause of action.*
Counts filed within the statutory period failed to state in words or
substance that plaintiff was in the discharge of his duty at the par-
ticular time and place of his injury, or that defendant knew or
should have known of his being at such place of danger at the time.
*Held,* that amended counts, filed after the running of the statute,
charging that plaintiff was then "in the discharge of his duty as an
oiler," state a new cause of action and that recovery is barred.

Appeal from the Circuit Court of Will county; the Hon. DORRANCE
DIBELL, Judge, presiding. Heard in this court at the October term,
1912. Affirmed. Opinion filed March 12, 1913.

BARR, MCNAUGHTON & BARR, for appellant.

SNAPP & HEISE and JOHN R. COCHRAN, for appellee;
KNAPP & CAMPBELL, of counsel.

MR. JUSTICE CARNES delivered the opinion of the
court.

Appellant was injured while in the employ of appel-
lee on March 18, 1909. This suit was brought to re-
cover for such injury. Within two years there was filed
first, a declaration consisting of one count and after-
wards five additional counts, demurrers were sus-
tained to the declaration and additional counts; and
after more than two years had elapsed appellant took
leave to amend and filed what is called an amended
declaration, but it consisted of the first three of said ad-
ditional counts with the phrase hereinafter mentioned
inserted. Appellee filed pleas of the General Issue and
Statute of Limitations to each count so amended, the
court overruled demurrers to the pleas of the statute.
Appellant stood by his demurrers and final judgment
was entered from which this appeal is prosecuted.

The only question argued is whether the original
declaration or either of the five additional counts filed
within the two years stated a cause of action; or as
appellant says in his brief "The sole question pre-
sented by this record for review is: Does the amended

declaration (the same having been filed more than two years after the cause of action accrued) state a new cause of action or is the same simply a re-statement of the cause of action defectively stated in the original declaration and additional counts thereof." If the amended declaration does state a new cause of action there is no question but the pleas of the Statute of Limitations were good and the demurrers thereto properly overruled. This is well settled by oft repeated decisions of our Supreme and Appellate courts so familiar to the profession that we need not stop to point out the cases.

The first count of the amended declaration is the first of the five additional counts filed within the two year period and its averments so far as material to the question here are, without the clauses enclosed in brackets, as follows: "Said defendant was engaged in the business of manufacturing nails, wire and other metallic products  *  *  *  and was possessed of and using and operating certain mills, shops, factories, machinery, runways and premises, wherein and about which said defendant manufactured and moved about said nails, etc.

*  *  *  "Plaintiff——on the day aforesaid and for some time prior thereto.....was in the employ of said defendant as an oiler, and as such oiler, was required to and did in the discharge of his duty, pass through, along, in and about said mills, shops, factories, runways and premises of the said defendant; that it thereupon became and it was the duty of said defendant, in designing, planning, locating, constructing, using, managing and operating said mill, shops, factories and runways to exercise ordinary care and caution so as not to expose said plaintiff and other employes in and about said mills, shops, factories and runways to unnecessary hazard and danger. Yet the said defendant ............so carelessly planned, located, designed, constructed, used, managed and operated said mills,

shops, factories, runways and premises that by, through and in consequence of the carelessness and negligence of the said defendant in that behalf said plaintiff while passing by and along one of said building, mills, factories and over and across one of said runways on said premises (in the discharge of his duty as an oiler) in the exercise of ordinary care and caution for his own safety was struck and hit with a large bundle of wire," etc. (Then follows statement of injury, damages, etc.)

The clause in brackets is the only amendment of this count, and the other two counts of the amended declaration were changed only by the insertion of this same clause. The amendment added the statement that the plaintiff was at the time of his injury at the place in question in the discharge of his duty as the servant of the defendant; neither the original declaration nor any of the five additional counts differ materially from the count above quoted from, so far as the question under consideration is concerned. It appears in other counts that the injury was occasioned by plaintiff catching his foot between a plank and rail on said runway and while so caught, a large bundle of wire that was being rolled down said runway struck and injured him? In the original declaration after reciting the business of the defendant and plaintiff's employment in the service of defendant on the day of the injury "and for a long time prior thereto as an oiler" it is averred that as such oiler said plaintiff in the discharge of his duty was *then* and *there* required to pass through, along and about said buildings, mills, runways, etc. This averment was substantially the same as would be the one in the count just quoted from with the words "then and there" inserted before the words "required to pass." In each of the remaining four additional counts that same form as in the one first quoted is followed *i. e.,* the words "then and there" were omitted. The state-

ment in substance is that the plaintiff was at the time
of his injury and for some time prior thereto in the
employ of the defendant and was required in the dis-
charge of his duty to pass from place to place over the
entire premises of the defendant. Appellant calls our
attention especially to these words *then* and *there* used
in the original declaration; if they mean or can be read
as meaning the time and place of the injury the count
was not defective in this respect, and no question could
be raised but the amendment merely restates in dif-
ferent language the allegation of the declaration; but
the word *then* plainly refers not to the time of the in-
jury but to the whole time of plaintiff's service and does
not mean more than the allegation in each of the five
amended counts, and amounts only to an averment
that in the course of plaintiff's duties as the servant
of defendant during the entire time of his service he
had occasion to pass over said runway. There is no
averment direct or by inference that in the discharge
of plaintiff's duty he often passed over said runway.
He may have passed over it once a day or once a month
or even once in the entire period of his service and the
averment still be true. If we indulge inferences in
favor of the pleader, instead of against him, the most
that can be said is that in the course of plaintiff's
employment he had occasion from time to time to pass
over said runway which seems to us to fall short of
even a defective statement that plaintiff was at the
time of his injury upon the runway ''in the discharge
of his duty as an oiler.'' If this be so then the
amended declaration to which the Statute of Limita-
tions was plead contained the first statement, either
good or defective, that the plaintiff at the time of his
injury was on the runway in question while in the
performance of his duty to the defendant. As his case
was stated before the amendment he may have been
there of his own volition for some purpose personal
to himself and entirely unconnected with any duty he

owed his employer. There is no averment in the original declaration and counts that defendant knew, or might or ought to have known that the plaintiff was on the runway at the time of the injury.

The decision of this case seems to us controlled by the cases of Mackey v. Northern Milling Co., 210 Ill. 115, and McAndrews v. Chicago, L. S. & E. R. Co., 222 Ill. 232. In the Mackey case, *supra,* which was one of master and servant and very similar in its facts to the one at bar, the count in the first declaration held bad, and not even a defective statement of a cause of action recites that the defendant was the owner of or using and operating a certain mill and in connection therewith used a side-track for the purpose of loading and unloading material, that Thomas Mackey, deceased, was employed there by the defendant and on the 5th day of March, A. D. 1905, was lawfully upon the said track of the defendants and while so lawfully there and in the exercise of due care the defendant pushed an unloaded car upon him without notice or warning and crushed him, etc. The court said "It is not stated that said Mackey's duties necessarily required him to be on the side-track at the time of the accident, or that he was performing any duty he owed appellee, or that appellee had any reason to believe or suspect that said Mackey would be there in a position of danger. The fact that Mackey was in appellee's employ raises no presumption that his employment required him to be in the place where he received his injury. For aught that appears he may have gone there of his own volition and not in the discharge of any duty, or even gone there without permission, and certainly without notice to appellee, or without any reasonable ground for appellee suspicioning that he might be there." In the case at bar, there is the additional allegation that it was the duty of the defendant in operating said runways to exercise care not to injure plaintiff. But both the Mackey and McAndrews

cases, *supra,* hold that it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things as that would be but the averment of a conclusion. The court in the McAndrews case *supra,* said, quoting from Schueler v. Mueller, 193 Ill. 402, "It is not sufficient in a declaration to allege generally the duty of the defendant, but the pleader must state facts from which the law will raise a duty, and show an omission of the duty and a resulting injury." This is a familiar rule of pleading and does not need further citation. The only further distinction of the case at bar from the Mackey case is the averment in the declaration here that plaintiff as an oiler in the discharge of his duty was required to pass through, along and about said mills, runways and premises. It was held in the Mackey case, *supra,* that no presumption that Mackey was in the discharge of his duty at the time he was injured is to be indulged from the fact that he was in the employ of the defendant. Would the court have held there was such presumption had the declaration contained the added averment that Mackey sometimes in the course of his service, went on the track in the performance of his duty? It seems to us clear that this added averment is not sufficient to distinguish the case at bar from the Mackey case, and that the original declaration and five additional counts filed within two years of the date of the injury must be held not to state even defectively, that appellant was on the runway in question in the discharge of any duty he owed appellee. If there had been some averment that the defendant knew or might have known in the exercise of ordinary care that the plaintiff was at the time in question, in the performance of his duty at the place in question, the cases might be distinguished as was done in O'Rourke v. Sproul, 147 Ill. App. 609; but the declaration contains no such averment. In the McAndrews case, *supra,* the court said that in actions on the case for

personal injuries ''It is necessary to aver and prove three elements to make out a cause of action:

(1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence.''

This definition of the essential elements of a cause of action in negligence cases has been extensively quoted and approved in subsequent cases, among them Bahr v. National Safe Deposit Co., 234 Ill. 101, where many authorities in support of conclusions we have heretofore stated are cited and discussed. Appellant's original declaration and five additional counts fail to state facts that show the existence of the duty mentioned in clause No. 1 of the rule, because it does not state in words or substance that the defendant knew or ought to have known that the plaintiff was in the place of danger at the time in question and if it is not charged with such knowledge it was under no duty to look out for or warn him.

Appellant argues that the original declaration and five additional counts filed within the two year period would have been good after verdict, and if that be so that they should be held, at least, to defectively state a cause of action and be capable of amendment without being open to the objection that a new cause of action is stated by the declaration so amended. Our attention is called to authorities tending to support this position that ought to be noticed and analyzed in this opinion but for the fact that the questions here in-

SECOND DISTRICT—MARCH, 1913.    253

volved seem to us to be so clearly settled by our Supreme Court, as before pointed out, that it is unnecessary to review the cases supporting the conclusion reached by that court.

We are of the opinion that this case in the question presented for review cannot be distinguished from the the case of Mackey v. Northern Milling Co., *supra;* that the amended declaration stated a new cause of action and therefore was well answered by the pleas of the Statute of Limitations. Therefore the court did not err in overruling demurrers to them and entering judgment for defendant, and its judgment is affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL took no part in the decision of this case.